LION OIL REFINING CO. *v.* CRYSTAL OIL CO. *et al.*

(Division A. Oct. 1, 1934.)

[156 So. 593. No. 31311.]

**Leftwich & Tubb,** of Aberdeen, for appellant.

Paine & Paine, of Aberdeen, for appellees.

**Cook, J.,** delivered the opinion of the court.

Prior to July, 1932, the appellee Crystal Oil Company was indebted to the appellant in the sum of ten thousand nine hundred twenty-one dollars and fifty cents, secured by a deed of trust on real estate in Aberdeen, Mississippi. The note evidencing this indebtedness was renewed from time to time, but in July, 1932, the indebtedness being then past due and unpaid, foreclosure proceedings were begun, and the property covered by the deed of trust was advertised for sale on September 5, 1932. On the day of the proposed sale, the Crystal Oil Company filed a bill in the chancery court alleging that the note secured by the deed of trust had been fully paid by a renewal note which was not secured by the deed of trust, and praying that the sale be temporarily restrained and that the deed of trust be canceled. No temporary injunction was issued, and the sale proceeded as advertised, and the property was sold to the appellant by the trustee.

Appellant being unable to get possession of the premises described in its deed, on September 7, 1932, it instituted an action of unlawful entry and detainer against the Crystal Oil Company, a copartnership composed of H. B. Holmes and H. B. Holmes, Jr., the Holmes Oil Company, a corporation, and Kirk F. Wait, tenant, and on September 28, 1932, secured a judgment awarding it possession of the property and a reasonable rental for the use and occupation thereof. From this judgment an appeal was prosecuted to the circuit court, and, when the cause came on for trial in the circuit court, the appellees pleaded in abatement thereof the pendency of the chancery court proceeding wherein, by cross-bill, the appellant was seeking confirmation of its title and possession of the property. This plea was sustained, and, from the judgment entered dismissing the unlawful entry and detainer proceeding, this appeal was prosecuted.

In July, 1934, while the aforesaid appeal was pending in this court, the cause pending in the chancery court was heard, and a decree was entered dismissing the original bill and granting the relief prayed for in the cross-bill. By proper process issued on this decree, the appellant was placed in possession of the property.

After the appellant had, by virtue of the chancery court proceedings, secured full and complete possession of the property, appellees filed in this court a motion to dismiss the appeal for the reason that the questions presented thereby had become moot. The questions raised by this motion are practically the same as those involved in the merits of the appeal, and consequently the motion has been submitted along with the merits of the cause.

The determination of the question of whether or not the issues involved in the unlawful entry and detainer suit have become moot involves a consideration of whether or not the decree of the chancery court is res

judicata of all such questions or issues. Certainly this decree is res judicata upon all questions of title to the real estate and right to possession thereof, but it does not necessarily follow that the unlawful entry and detainer proceedings should therefore be dismissed. In Cahn v. Wright, 108 Miss. 420, 66 So. 782, after a judgment in favor of the appellee in an unlawful entry and detainer proceeding, and before an appeal had been perfected, the appellee surrendered possession of the land in controversy. After appeal he moved to dismiss for the reason that "the possession of the property in controversy has been delivered to appellant, and appellee no longer claims any interest in or title to same, making the cause now before the court merely a moot case or abstract question of law." In reply to this contention the court said: "Assuming that the question here sought to be litigated can be raised by motion to dismiss, the motion must nevertheless be overruled, for the reason that possession of the land was not the sole question litigated in the court below. Appellant, as appears from instructions granted and refused, sought to recover, in addition to the possession of the land, compensation for the use and occupation thereof, as she had the right to do under section 5049 of the Code."

In the case at bar the right to possession of the land in controversy was not the only question litigated, but, in addition to the possession of the land, the appellant sought to recover and was awarded a judgment for compensation for the use and occupation thereof, and at that time the answer and cross-bill of the appellant in the chancery proceeding had not been filed. It is true that under section 406, Code of 1930, in suits to try title and to cancel deeds and other clouds upon title, the chancery court has jurisdiction to decree possession and to displace possession and decree rents and compensation for improvements, but, in the cross-bill filed in the chancery

court involving title to the land here in controversy, rent or compensation for use and occupation of the premises was not sought or remotely referred to. It is contended, however, that the appellant is now precluded from recovering rent under the rule that "those things which might have been litigated as well as those actually litigated in the former suit are res judicata." It is true, as said in Hardy v. O'Pry, 102 Miss. 197, 59 So. 73, 75, that "those things which might have been litigated, as well as those things actually litigated, in the first suit are res judicata; but this means those things 'involved in the record of the former case, and which, being so involved, might have been litigated and decided,' etc. Hubbard v. Flynt, 58 Miss. 266." In the case of Davis v. Davis, 65 Miss. 498, 4 So. 554, it was held that "a matter is not res adjudicata simply because it might have been, but was not, included in the adjudication of a case disposed of, if in fact it was not presented by the pleadings or necessarily involved therein," and that the disposition of a suit to acquire and establish title to a tract of land by "a decree for title and no decree for rents did not make the claim for rent res judicata, if the claim might have been adjudicated in that suit." Under these authorities we think the conclusion necessarily follows that the plea in abatement should have been overruled.

Reversed and remanded.