TAYLOR *et al. v.* BELL.

(In Banc. Feb. 15, 1943.)

[11 So. (2d) 825. No. 35250.]

J. D. Magruder, of Tunica, and **W. W. Venable**, of Clarksdale, for appellants.

**James McClure**, of Sardis, for appellee.

Argued orally by **James McClure**, for appellee.

**Anderson, P. J.,** delivered the opinion of the court.

Sam Mathews died on February 25, 1926, leaving surviving him as his sole heirs at law one son, T. J. Mathews, who was eighteen years of age, and four daughters, adults, Inez Mathews, Pearl Mathews Taylor, Lula Mathews and Ora Mae Mathews. He left a last will and testament in which he devised, after disposing of other property, 366 acres in Tunica County to his five children. The son T. J. Mathews on the 15th day of October, 1926, married the complainant, the appellee in this case, whose name now is Mary Lee Clark Mathews Bell. He died

April 2, 1939, leaving as his sole heir his wife, the complainant. The latter filed her bill in this cause in the chancery court of Tunica County to establish her title, as the sole heir of her deceased husband, to her share in the 366 acres of land, which she alleged consisted of 65 acres. She made defendants in the cause the four sisters of her husband, the appellants. In her bill she alleged that they were claiming the title and possession of the land involved, which was without foundation in fact and law, and prayed that her title be established and she be awarded possession of the land and that the pretended title of her husband's sisters be cancelled and held for naught. The defendants demurred to the bill, which was by the chancellor overruled and upon their application this appeal was granted to settle the controlling principles of the cause.

The complainant bases her case on two grounds, (1) that the will of her father-in-law Sam Mathews violated the two-donee statute, Section 2765, Code of 1906, and as the result her husband took the land involved in fee instead of as life tenant; (2) that in a partition proceeding in the chancery court of Tunica County had in 1927, in which all parties to this cause were before the court, the 366 acre tract was partitioned in kind between them, the 65 acres here involved being adjudged and set aside to the complainant's husband. That thereby the question of ownership became res adjudicata between the parties.

We pretermit passing on the first ground. We are of opinion that upon the second ground the decree of the chancellor ought to be affirmed and we reach that result upon the following considerations: Article 12 of Sam Mathews' will is in this language: ''I especially direct that the land herein mentioned is for heirs. And should any of my children herein mentioned die without bodily heirs, then the part herein given him or her is to revert to my estate and descend to the other beneficiaries herein mentioned, and I especially direct that none of

the land herein given be disposed of for 15 years and that no mortgages, deeds of trust or incumbrances be given on same.''

As stated above the land devised by this provision of the will consisted of 366 acres. In December, 1927, the son, the husband of complainant, who was nineteen years of age and married, and his four sisters, who were adults, filed their bill in the chancery court of Tunica County for the partition in kind of the 366 acres of land. The son and husband appeared in the bill by his sister Inez Mathews as his next friend and guardian. The bill alleged that the five were the true and legal owners of the 366 acres of land as tenants in common, each owning a one-fifth undivided interest therein, that it was susceptible of partition in kind and with that end in view had employed a civil engineer to make a survey of the land and divide it into five equal shares based on value; that accordingly such survey had been made and a division in kind agreed upon by the parties concerned. The cause was heard on original bill, exhibits and evidence, resulting in a decree granting the prayer of the bill. In the decree the allotment of the 65 acres involved to the complainant's husband was approved by the court along with the allotments to the other parties. The decree was rendered on the 15th day of December, 1927, and next to the last paragraph therein is in this language: ''It is therefore ordered adjudged and decreed that the said survey as reported to be ratified, approved and confirmed; that each party at interest be and he or she is hereby declared the sole and exclusive owner of the share designated to him or her respectively.''

There was no appeal from that decree. Thereupon complainant's husband and his four sisters each went into possession of the share so allotted and so continued until April 2, 1939, about eleven years, when complainant's husband died leaving her as his sole heir. Thereupon his sisters, the defendants, began to claim his share in the land and exercise actual possession of it. They base

their claim on the contention that under the will when their brother died without issue his share in the 366 acres of land went to them in fee share and share alike. A decree for the partition of land is not void as to a minor who is a proper party. Tate v. Bush, 62 Miss. 145.

Where the court has jurisdiction of the subject matter and the parties in interest, its judgment is not alone res adjudicata of the questions specifically presented by the pleadings but is also res adjudicata of all questions necessarily involved and which could have been presented. Bates v. Strickland, 139 Miss. 636, 103 So. 432; Harvison v. Turner, 116 Miss. 550, 77 So. 528; Darrow v. Moore, 163 Miss. 705, 142 So. 447. The latter case is especially helpful in deciding this question. It is true that the partition bill does not allege in so many words that the five children of Sam Mathews were tenants in common in fee of the 366 acres, but a fair interpretation of its language could mean nothing else. It averred that they were the true and exclusive owners and the partition decree adjudged, as shown above, that each party was ''decreed the sole and exclusive owner of the share designated to him or her respectively.'' Such language could not have been appropriately used by the court if it had construed the will to mean that each of the five children got a defeasible fee in his or her share instead of a fee simple title. But regardless of whether this question was expressly adjudicated in the partition proceeding it certainly could have appropriately been adjudicated. The result is that the question involved is res adjudicata.

Affirmed and remanded.

**Griffith, J.**, delivered a specially concurring opinion.

The partition proceeding was upon an ex parte petition in which the minor was joined as one of the petitioners by next friend. The petition alleged that by the will of their father the four children were each devised a par-

ticular tract of land; that a survey had been made of these separate parcels, which survey was made an exhibit to the petition, and the petition prayed that "each party be declared the sole and exclusive owner of the share designated to him or her." Under the will, however, if valid, there was no devise to the children in fee simple, but the fee in all the land would ultimately belong to the last survivor among them, and the presumption of survivorship being in favor of the minor because the youngest among the devisees, the allegations in the petition were against the substantive interest of the minor. Therefore, under familiar principles, the allegations were not binding upon the minor, and the decree entered in response to those allegations was not valid or binding as against him, and not being valid as to him, was not binding as res adjudicata upon the others. The allegations of the petition, as stated, were that the children had each been willed as his own property a distinct and separable tract, separated and ascertained by the survey. No controversy between the parties, or anything suggestive thereof, was presented to the court by the pleadings as to the character of the ownership, nor could that issue have been litigated within the pleadings as thus presented. The cases cited in the majority opinion are, therefore, not in point, and I respectfully submit that the opinion on the question of res adjudicata is unsound, when the exact facts are considered.

But appellants, all being then adults, did aver in their partition proceeding that they, together with their infant brother, were the sole and absolute owners of the distinct and separable parcels, and they succeeded in obtaining a decree in accordance with that averment; and the present record shows that in pursuance of that decree, which was rendered on December 15, 1927, each of the parties went into possession as owners in fee simple of the separate parcels respectively allotted to them by the decree, and so remained until the death of the brother

on April 2, 1939, or for more than ten years after the brother had become of age.

There is presented, therefore, an appropriate case for the application against appellants of the doctrine of equitable estoppel. A party to an action is estopped from assuming a position which is inconsistent with his assertion of title in a previous action where such action was successfully maintained. 31 C. J. S., Estoppel, sec. 119, p. 383. As stated in Davis v. Wakelee, 156 U. S. 680, 15 S. Ct. 555, 558, 39 L. Ed. 578: "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."

For the reason mentioned in the two preceding paragraphs, the decree is properly affirmed, but not on any other ground.