PRAY, DECEASED, ETC. *v.* HEWITT, et al.

No. 43664          November 8, 1965          179 So. 2d 842

*Mounger & Mounger,* Tylertown; *Roach & Roach,* McComb, for appellants.

*Gent Hutchison,* Summit; *Allen & Patterson,* Brookhaven, for the appellees.

RODGERS, J.

This is a suit for specific performance of a contract to deed land. An original bill was filed by the appellant, Hubert E. Pray, now deceased (suit revived in the name of his heirs) in the Chancery Court of Pike County, Mississippi. The contract sought to be enforced was attached as an exhibit to the bill. A great many persons were named defendants because of their mineral inter-

est in the land, but owners of the minerals were released on a demurrer. The appellees, defendants in the trial court, filed their answer denying that they should be required to specifically perform the contract, by giving them a deed to a one-half undivided interest in the lands described in the bill. They pleaded, as a part of their answer, (1) *res judicata;* (2) limitation of actions; and (3) laches. The defendants filed interrogatories, which were later answered by the original appellant. When the case was called for trial, the attorneys stipulated that the court file in Cause No. 5,951 of the records of the Chancery Court of Pike County, styled Mrs. D. Turner, et al. v. Chester A. Hewitt, et ux., might be introduced as a part of the record, and it was agreed that, "this cause shall be submitted to the court, on the pleas, interrogatories, and answers thereto in the file in Cause No. 5,951." The chancellor entered an order taking the cause under advisement for decree in vacation, and thereafter rendered his opinion, and entered a final decree sustaining the pleas filed by defendants to the original bill, and dismissed the suit with prejudice.

After a careful study of the facts pleaded, we are of the opinion that the chancellor was correct in holding that the plea of *res judicata* was a bar to the suit, and that the action should have been dismissed. We do not reach the other pleas filed by the defendants since it is not necessary to discuss these pleas to affirm the decree of the trial court.

The decree in file Cause No. 5,951 dated December 18, 1929, stated "That the defendants, Chester A. Hewitt and his wife, Erema Pray Hewitt, by virtue of certain Deeds of Conveyance, appearing of record, have vested in them, as against all other parties to this suit, the following described lands, situated in Pike County, Mississippi." The land in litigation in that suit is the same land as is now sought to be relitigated in the instant suit. The original complainant in the suit at bar was

one of the complainants in that suit. The contract sought to be enforced in this suit was attached to the answer in the first suit. The plea of *res judicata* here in issue seeks to relitigate an issue settled by a former decree of the chancery court in the county where the instant cause was filed.

The Latin idiom *"res judicata"* means the thing has been decided. In law, it means the same issue has been decided by a court of competent jurisdiction. **(Hn 2)** Since the time of ancient Roman law, there have been four conditions essential to establish the plea of *res judicata*. They are (1) identity in the things sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and (4) identity of the quality or character in the person against whom the claim is made. 50 C. J. S. *Judgments,* Essential Elements, § 598, at 18 (1947). All of the foregoing elements of *res judicata* appear in the pleading in the case at bar.

There is another reason why the plea of *res judicata* should have been sustained as a bar to the instant suit: The original contract between the parties with reference to the land was attached to the answer in the former suit. In that suit the answer alleged that the Hewitts fully complied with the attached contract, and denied fraud or false representations in obtaining the deeds. The contract was pertinent to the issue involved and was pleaded and tendered as an issue in the former suit. Therefore all rights to enforce the contract were settled by the former decree.

It is pointed out in 50 C. J. S. *Judgments* §716, at 186 (1947) that "The rule is often broadly stated in general terms that a judgment is conclusive not only on the questions actually contested and determined, but on all matters which might have been litigated and determined in that suit." This rule has been approved and adopted in this State. See Johnson v. Bagby, 252

Miss. 125, 171 So. 2d 327 (1965); Taylor v. Bell, 194 Miss. 112, 11 So. 2d 825 (1943); Townsend v. Beavers, 185 Miss. 312, 188 So. 1 (1939); National Life & Acc. Ins. Co. v. Prather, 172 Miss. 567, 161 So. 117 (1935); Lion Oil Ref. Co. v. Crystal Oil Co., 171 Miss. 36, 156 So. 593 (1934); Darrow v. Moore, 163 Miss. 705, 142 So. 447 (1932); Love v. Mayor & Bd. of Aldermen of Yazoo City, 162 Miss. 65, 138 So. 600 (1932); Gaines v. Kennedy, 53 Miss. 103 (1876).

We hold, therefore, that the chancellor was correct in sustaining the plea of *res judicata* and the decree of the chancery court dismissing the suit should be and is affirmed.

Affirmed.

*Lee, C. J., and Jones, Inzer and Smith, JJ.,* concur.