# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-00977-SCT

*ESTHER JONES QUINN AND ALONSO JONES, SOLE HEIRS-AT-LAW OF ANDRE JONES AND ON BEHALF OF ALL OF HIS WRONGFUL DEATH BENEFICIARIES*

*v.*

*ESTATE OF LLOYD JONES, DECEASED; DOYLE KING, SUCCESSOR IN OFFICE TO SHERIFF LLOYD JONES, DECEASED; SIMPSON COUNTY, MISSISSIPPI; WALTER TUCKER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF BRANDON, MISSISSIPPI, POLICE DEPARTMENT; AND THE CITY OF BRANDON, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 2/11/2000 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | CHOKWE LUMUMBA |
| ATTORNEYS FOR APPELLEES: | DANNY WELCH |
| | LUCIEN C. GWIN, JR. |
| | GARY E. FRIEDMAN |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 06/06/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/27/2002 |

**BEFORE PITTMAN, C.J., COBB AND CARLSON, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1. Plaintiffs in this wrongful death case appeal from the circuit court's (1) summary judgment against them based on the res judicata effect of a prior federal court judgment dismissing their case there and (2) order denying their motion for a second change of venue after the change of venue ordered by this Court in the prior interlocutory appeal in this case. Finding no reversible error, we affirm.

## FACTS AND PROCEEDINGS BELOW

¶2. On August 21, 1992, Andre Jones ("Jones") was arrested at a road block by the City of Brandon Police Department ("Brandon") for violating the city's beer ordinance, carrying a concealed weapon, possession of a stolen vehicle license tag, and alteration of the vehicle identification number. The truck he was driving was later determined to be stolen. Jones was taken to the Brandon Police Department and booked. No bond was set, and Jones remained in custody. Due to overcrowding at the Rankin County jail, Jones was transferred to the Simpson County jail and booked at 4:10 a.m. Around 11 p.m. on August 22, Jones was discovered dead, hanging in a shower stall.

¶3. Plaintiffs, Esther Jones Quinn and Alfonso Jones, the parents of Andre Jones, filed a complaint in the Circuit Court of Hinds County, on August 20, 1993. In that complaint, they alleged that their son's death was a result of the intentional and malicious, or grossly negligent, behavior of the defendants. The complaint was later amended to include claims of simple negligence and wrongful death. On the same day, the plaintiffs filed a similar complaint, which was later amended, in the United States District Court for the Southern District of Mississippi, Jackson Division. (*Quinn v. Jones,* Civil Action No. 3:93CV535LS (S.D. Miss.). The federal court complaint alleged constitutional and federal statutory violations amounting to, inter alia, wrongful death and conspiracy. Both complaints were based upon the same occurrence, asserted the same cause of action, were almost identical in nature, and were filed against the same defendants, with the exception of certain state defendants.

¶4. On November 28, 1995, defendants Simpson County Deputy Abernathy and Brandon Police Officer Henley were dismissed from the proceeding in Hinds County Circuit Court. Also dismissed from the Hinds County Circuit Court proceeding were all named state defendants: Willie Brown, Inspector, Health Department of Institutional Sanitation; Ed Thompson, State Health Officer, Mississippi Department of Health; Jerry Oakes, Inspector, Bureau of Buildings, Grounds and Real Property; Millard Mackey, Fire Marshal, Department of Insurance; Eddie Lucas, Commissioner, Department of Corrections; and Jim Ingram, Commissioner, Department of Public Safety. City of Brandon defendants were not dismissed by the trial court for the "limited purpose of determining whether bail was offered to Mr. Jones, whether other measures were taken to ensure that bail was or was not offered, and what decisions were made regarding the transfer of Mr. Jones to Simpson County jail." Simpson County Defendant Lloyd Jones was also not dismissed by the trial court.

¶5. On January 3, 1996 the Brandon and Simpson County defendants filed a Joint Motion for Dismissal, Change of Venue and Severance in state court, which was denied by the Hinds County trial court on March 21, 1996. On February 23, 1996, summary judgment was granted in the federal court suit as to the Brandon defendants. The Simpson County defendants were granted summary judgment by the federal court on June 12, 1996.

¶6. On April 26 and July 22, 1996, defendants Brandon and Simpson County, respectively, filed in state court motions for summary judgment based on res judicata from the grant of summary judgment in the federal court proceeding. The motions were not heard at that time because this Court had granted an interlocutory appeal from the Hinds County Circuit Court's denial of severance and change of venue. On August 9, 1996, with the order granting the interlocutory appeal, this Court entered a stay holding all matters in abeyance pending resolution of the interlocutory appeal. In due course, this Court determined that venue should be changed to Simpson County, but affirmed the Hinds County Circuit Court's denial of

severance of defendants. *Estate of Jones v. Quinn*, 716 So.2d 624 (Miss. 1998).

¶7. After the change of venue, both the Brandon and Simpson County defendants renewed their motions for summary judgment on res judicata grounds.

¶8. The Circuit Court of Simpson County denied the plaintiffs' motion for a second change of venue to Hinds County Circuit Court on January 7, 2000. Simpson County Circuit Judge Robert Evans entered his findings of facts and conclusions of law, followed by a judgment dismissing the complaint on February 18, 2000. The trial court concluded that dismissal was proper based on res judicata and collateral estoppel.

## STANDARD OF REVIEW

¶9. The inquiry in this case is a question of law. Specifically, it is for the Court to decide whether defendants are entitled to summary judgment as a matter of law because there is no genuine issue of material fact. The court "may only determine whether there are issues to be tried ...." *Brown v. Credit Ctr., Inc.*, 444 So. 2d 358 (Miss. 1983)(emphasis in original & quoting Miss. R. Civ. P. 56 cmt.). A de novo standard of review is used in analyzing a trial court's grant of a summary judgment. *Baptiste v. Jitney Jungle Stores of Am., Inc.,* 651 So. 2d 1063, 1065 (Miss. 1995) (citing *Short v. Columbus Rubber & Gasket Co.*, 535 So. 2d 61, 63 (Miss. 1988)). A motion for summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Miss. R. Civ. P. 56(c). To prevent summary judgment, the non-moving party must establish a genuine issue of material fact by means allowable under the rule. *Baptiste*, 651 So.2d at 1065 (citing *Lyle v. Mladinich* 584 So. 2d 397, 398 (Miss. 1991)).

## DISCUSSION

### I. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BASED ON RES JUDICATA.

¶10. The plaintiffs argue that res judicata does not prevent litigation of the case in state court because the state court denied Brandon and Simpson County's motions for summary judgment on November 28, 1995, and that date was prior in time to the federal court's dismissal of the case, which came on February 23, 1996, and June 12, 1996, for Brandon, and Simpson County, respectively. Plaintiffs seek to differentiate between the federal court's grant of summary judgment as to the death of Andre Jones, and the state court's denial of a summary judgment for the limited purpose of ascertaining whether the issue of bail had been resolved. In their brief, the plaintiffs state that they are not "seeking to relitigate any claims here" but instead are "seeking to proceed with a trial on the merits on the issue of bail as contained in the state court order."

¶11. In *Pray v. Hewitt*, 254 Miss. 20, 24, 179 So. 2d 842, 844 (1965), we identified Mississippi's four elements required to establish res judicata: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made. These four identities have been later discussed in: *Dunaway v. W.H. Hopper & Assocs., Inc.*, 422 So. 2d 749 (Miss. 1982); *Mississippi Employment Sec. Comm'n v. Georgia-Pacific Corp.*, 394 So.2d 299 (Miss. 1981); *Cowan v. Gulf City Fisheries, Inc.* 381 So.2d 158 (Miss. 1980); *Standard Oil Co. v. Howell*, 360 So.2d 1200 (Miss. 1978). *See also Miss. Dep't of Human Servs. v. Shelby*, 802 So.2d 89, 95 (Miss. 2001; *Wade v. State*, 802 So.2d 1023, 1026-1027 (Miss. 2001); *J. C. v. Adoption of Minor Child Named Herein*, 797 So.2d 209, 212

(Miss. 2001); *City of Jackson v. Lakeland Lounge of Jackson, Inc.*, 688 So.2d 742, 748 (Miss. 1996); *Estate of Anderson v. Deposit Guar. Nat'l Bank*, 674 So.2d 1254, 1256 (Miss. 1996).

¶12. Additionally, as we held in *Dunaway*, "if these four identities are present, the parties will be prevented from relitigating all issues tried in the prior lawsuit, as well as all matters which should have been litigated and decided in the prior suit." *Dunaway*, 422 So.2d at 751 (citing *Pray* and *Golden v. Golden*, 246 Miss. 562, 151 So.2d 598 (1963)).

¶13. As the U.S. Supreme Court has held, "[r]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed. 2d 767 (1979) (citation omitted).

¶14. In his unpublished memorandum order and opinion, United States District Judge Tom S. Lee wrote: "...in an effort to be comprehensive, the court will not restrict its ruling to what apparently has now become the sole factual premise of plaintiff's claims." (*Quinn v. Jones,* Civil Action No. 3:93CV535LS at 4 (S.D. Miss. 1996).

¶15. Judge Lee's comprehensive opinion addresses the three underlying claims brought to light by the Plaintiffs. As stated in Judge Lee's opinion, they are: "Plaintiffs' Suicide Hypothesis", "Plaintiffs' Murder Charge", and "Plaintiffs' Conspiracy Charge." The opinion dismisses the "Plaintiffs' Suicide Hypothesis" as frivolous. Judge Lee concluded, as a matter of law, the "Plaintiffs' Conspiracy Charge" had no factual support and accordingly dismissed the claim.

¶16. As to the murder charge, Judge Lee did not, however, immediately dismiss Simpson County or Sheriff Lloyd Jones from the action, but later dismissed these defendants by order dated June 12, 1996.

¶17. The plaintiffs state that in circuit court they were "only seeking to proceed with a trial on the merits on this issue of bail as contained in the state court order."

¶18. In order for the issue of bail to be a viable issue, worthy of remand, it would be necessary that plaintiffs withstand the defendants' motion for summary judgment. A motion for summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Miss. R. Civ. P. 56(c).

¶19. Clearly, the issue of bail is one that has both been disposed of under a theory of res judicata and judgment as a matter of law. Under Uniform Circuit and County Court Rule 6.03, "every person in custody shall be taken, without unnecessary delay and within 48 hours of arrest, before a judicial officer or other person authorized by statute for an initial appearance."

¶20. The record shows that the detention of Andre Jones falls well within the 48-hour mandate of the rules. On August 22, 1992, Jones was booked in Brandon around two a.m. and transferred to Simpson County around 4 a.m. Jones's body was discovered around 11 p.m. the same day.

¶21. Dispositive of this case is our four-tiered standard for showing res judicata as applied by *Pray* and its progeny. The federal suit contains the four identities and the state suit contains nothing that has not been adjudicated or could have not been adjudicated in the federal action.

¶22. The plaintiffs seek to keep alive their claim in state court on the issue of bail. The issue of bail was dismissed, like every other issue:

> [T]hey (plaintiff/appellants) allege that these defendants illegally arrested Jones without probable cause and thereafter refused to set bond for him, in violation of the United States Constitution; had Jones not been illegally arrested and denied bail, they reason, he would not have been in the Simpson County Jail on August 22, 1992, and thus would not have been killed. This argument is patently without merit.

*Quinn v. Jones*, Civil Action No. 3:93CV535LS at 22 (S.D. Miss . 1996).

¶23. Plaintiffs also seek to keep alive their state court case by arguing that the state court's ruling on the bail issue was "prior in time" to the federal court's dismissal of the case, thus allowing them to go forward with the state court action because this somehow raises a new issue, and thwarts barring the suit on res judicata. Simply because the state court's ruling was "prior in time" to the federal court's ruling does not keep the state court suit alive where the federal suit has met the requisite four identities for barring the state court suit on res judicata grounds.

¶24. In *Little v. V & G Welding Supply, Inc.*, 704 So.2d 1336, 1338 (Miss. 1997), we addressed the question of a prior federal court judgment barring litigation of the matter in state court, stating "a party cannot relitigate a matter and attempt to elude the bar of res judicata by raising a new legal theory." In *Little*, the plaintiffs sought to relitigate a federal products liability case in state court as a wrongful death case. Res judicata barred the state court claim, even though the plaintiffs sued new defendants in the state court action, and under seemingly new causes of action. In *Little* we found that the four identities of *Pray* had been satisfied in the subsequent state court action.

> Even though the federal suit was labeled a products liability case premised upon a design defect and the instant suit is deemed a wrongful death action based upon a manufacturing defect, this distinction does not destroy the second identity. In *Riley v. Moreland*, 537 So.2d 1348 (Miss.1989), this Court explained that "[i]dentity of the cause of action exists when there is a commonality in the 'underlying facts and circumstances upon which a claim is asserted and relief sought from the two actions.'

704 So.2d at 1354 (citing *Walton v. Bourgeois*, 512 So.2d 698, 701 (Miss.1987)).

¶25. Here, the plaintiffs have not sought to change their cause of action, which is basically a wrongful death suit.

¶26. As for suing different defendants in state court from the federal action, *Little* found the new defendants "in privity" with the old defendants, and the third identity remained intact. "'Privity' is...a broad concept, which requires us to look to the surrounding circumstances to determine whether claim preclusion is justified." *Little*, 704 So.2d at 1339 (citing *Russell v. SunAmerica Secs., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992)).

¶27. Plaintiffs in this case have not shown that any of the four identities from the federal suit are different from the state suit. The identity of the subject matter of the action, is the same as the identity of subject matter sued for in the federal suit, namely, the death of Jones in the Simpson County jail. The identity of the cause of action, is the same as in the state suit as in the federal suit: a wrongful death action. The identity of the parties to the cause of action, are also the essentially the same: Lloyd Jones, Individually and in his

Official Capacity as Sheriff of Simpson County, Walter Tucker, Individually and in his Official Capacity as Chief of the Brandon Police Department, as well as the City of Brandon, The Brandon Police Department, and the County Board of Supervisors of Simpson County. Finally, the identity of the quality or character of the persons against whom the claims are made are the same, as well. Plaintiffs seek to sue the governmental entities and law enforcement officials of the City of Brandon and Simpson County.

¶28. In sum, this claim has been litigated to judgment, in federal court and is subject to the doctrine of res judicata in state court, consistent with Mississippi case law.

### II. WHETHER THE TRIAL COURT ERRED IN DENYING THE PLAINTIFFS' MOTION TO CHANGE VENUE

¶29. Miss. Code Ann. §11-45-17 (1972) says that a county may be sued in any court sitting at the county site, provided jurisdictional amounts are met. Likewise, Miss. Code Ann. §11-45-25 (Supp. 2001) provides that a suit against a municipality shall be instituted in the county in which such municipality is situated. Miss. Code Ann. §11-11-3 (Supp. 2001) states: "Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found...."

¶30. We previously ruled in *Estate of Jones v. Quinn*, 716 So.2d 624 (Miss. 1998), that "the proper question is not whether the plaintiff's attorney intended to fraudulently establish venue, but whether the facts support inclusion of the defendant upon whom venue is based. (citing *Jefferson v. Magee*, 205 So.2d 281, 283 (Miss.1967)). We also held in the case that Miss. Code Ann. §11-46-13 (Supp. 2001) was the appropriate venue statute: "The venue for any suit filed under the provisions of this chapter against the state or its employees shall be in the county in which the act, omission or event on which the liability phase of the action is based, occurred or took place." As we have already ruled in this case, the alleged negligence took place in Simpson County and venue is proper there.

¶31. Miss. Code Ann. §11-11-57 (1972) says that venue in a civil suit can only be changed one time. This Court has previously changed venue from Hinds County to Simpson County, and the trial court was, therefore, correct in denying the plaintiffs' request for a second change of venue.

### CONCLUSION

¶32. For these reasons, the trial court's grant of summary judgment, denial of a second change of venue, and entry of final judgment dismissing this case are affirmed.

¶33. **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB AND EASLEY, JJ., CONCUR. McRAE, P.J., AND DIAZ, J., CONCUR IN RESULT ONLY. GRAVES, J., NOT PARTICIPATING.**