ON MOTION FOR REHEARING.

DICKINSON, Justice, for the Court.
¶ 1. The motion for rehearing filed by Deere & Company is denied. The original opinion is withdrawn, and these opinions are substituted therefor.
¶2. A farm-implement dealer sold a farmer a bad combine.[1] The farmer sued the dealer in circuit court and won a judgment of $90,000. The dealer appealed, and we affirmed the judgment.
¶ 3. In an unrelated case, a bank took a $50,000 default judgment against the farmer in county court. The bank attempted to collect its county-court judgment by garnishing the money the farmer won against the dealer in circuit court.
¶ 4. The company that manufactured the combine was on the hook for the judgment against its dealer, so it intervened in the county-court garnishment action, claiming that the farmer’s circuit-court judgment could not be collected in county court because of other proceedings which had taken place in the federal courts.
¶ 5. The manufacturer filed a motion for summary judgment, which the county court denied. The manufacturer filed a *518 motion for interlocutory appeal, which we granted.
BACKGROUND FACTS AND PROCEEDINGS

Preliminary statement

¶ 6. This case’s simple beginning belies its protracted course of complex litigation[2] which began in 1994, when Edward Johnson (“Johnson”), purchased a John Deere combine for $153,173.36 from Parker Tractor & Implement Company (“Parker Tractor”). He paid for the combine using $30,634.36 of his own funds, and the balance from a loan (the “Loan”) he obtained from John Deere & Company (“Deere”). The combine stood as collateral for the loan, and Johnson was to make periodic loan payments to his creditor, Deere.
¶ 7. Parker Tractor’s delivery of the combine to Johnson was delayed due to wiring and electrical problems and, once delivered, the combine did not operate properly. In an attempt to revoke acceptance of the combine, Johnson wrote a letter to Deere, stating that Parker Tractor was unable to repair the problem he was having with the combine.
¶ 8. We think the labyrinth of facts to follow will be more easily digested if we pause here to point out that the record provides us no clue as to why Johnson attempted to revoke acceptance of the combine with Deere, who loaned him money, rather than with Parker Tractor, who sold him the combine. In one of the related cases, discussed later in this opinion, the United States Court of Appeals for the Fifth Circuit observed:
In this case, a central issue — which the parties pled, tried to the jury, retried in post-verdict motions, briefed, and orally argued on appeal — is whether Johnson effectively revoked the sale contract for the combine. Johnson entered into this contract with Parker. We note, in passing, that there is nothing in the record that suggests (1) that Deere and Parker are one entity or (2) that Parker assigned Deere its rights under the sale contract.
Moreover, even if we assumed that Deere, not Parker, had all the rights under the sale contract, this fact would still fail to explain why the parties vigorously litigated the validity of the underlying sale contract in this action for collection on a loan contract. The loan contract and the sale contract are independent unless there is a contractual provision which states otherwise. Neither contract contains such a provision.
Deere & Co. v. Johnson, 271 F.3d 613, 624 n. 1 (5th Cir.2001).
¶ 9. In any case, Deere refused to accept Johnson’s attempted revocation of acceptance. Consequently, Johnson refused to make payments to Deere on the loan, but he continued to use the combine for three farming seasons, from 1994 through the spring of 1996. Just prior to the 1996 season, the lawsuits began.
1. FEDERAL I — (Deere v. Johnson)
¶ 10. On September 26, 1995, Deere sued Johnson in the United States District Court for the Northern District of Mississippi, claiming Johnson had failed to make timely payments on the loan. Johnson counterclaimed against Deere, alleging, inter alia, that it had revoked acceptance of the combine because of numerous breaches of various warranties, and intentional misrepresentations.
*519 2. STATE I — (Johnson v. Parker Tractor)
¶ 11. On October 3, 1995 — one week after Deere filed Federal I — Johnson sued Parker Tractor in the Coahoma County Circuit Court, claiming negligence and breach of warranty arising from Parker Tractor’s sale of the combine and failure to properly repair it. Deere was not a party to this litigation, but it agreed to indemnify and defend Parker Tractor. Parker Tractor & Implement Co. v. Johnson, 819 So.2d 1234 (Miss.2002).
¶ 12. In early 1998, while Federal I was still pending, State I proceeded to trial, and the jury rendered a verdict for Johnson in the amount of $150,000, which the trial court remitted[3] in the amount of $60,000, resulting in a final judgment in favor of Johnson for $90,000. Id. at 1234. The $90,000 judgment was entered of record in February 1998. Deere, which had indemnified Parker Tractor, timely posted a supersedeas bond, and Parker Tractor appealed to this Court.
¶ 13. Meanwhile, in July 1998, while the State I appeal was pending, Johnson filed a motion for a continuance in the Federal I suit — which had been pending for more than two years — arguing that the ultimate outcome in State I would serve as collateral estoppel, res judicata, and/or issue preclusion in Federal J.[4]
¶ 14. Johnson’s motion for continuance of Federal I was granted in April 1999. Nevertheless, for reasons unexplained by the record or the briefs filed by counsel, Federal I proceeded to trial in June 2000, while the appeal of State I was pending before this Court. The federal jury returned a verdict on Johnson’s claims against Deere in the amount of $30,634.36. However, because Johnson had used the combine without paying for it, the jury also awarded Deere $70,000 as the combine’s reasonable rental value. Deere & Co. v. Johnson, 271 F.3d 613, 615 (5th Cir.2001).
¶ 15. Both parties appealed. The Fifth Circuit — clearly baffled as to why revocation of acceptance was raised by Johnson against Deere — nevertheless affirmed Johnson’s verdict. It reversed the trial court’s finding of a quantum meruit recovery by Deere for Johnson’s use of the combine (because it was neither pleaded nor raised at trial), but allowed Deere a set-off which served to render the entire lawsuit “a wash.” The Fifth Circuit then remanded the case for entry of a “take-nothing” judgment, which the district court entered on January 11, 2002. Id.
¶ 16. Meanwhile, in the State I suit, this Court affirmed Johnson’s $90,000 State I judgment in the same month the federal district court entered the “take-nothing” judgment in Federal I — January 2002. Parker Tractor & Implement Co. v. Johnson, 819 So.2d 1234, 1242 (Miss.2002) (“State I”).
3. STATE II — (First National Bank v. Johnson)
¶ 17. Backing up five months to August 2001, while State I and Federal I were both pending, First National Bank of Clarksdale (“the Bank”) sued Johnson in the County Court of Coahoma County for collection of an unrelated promissory note. After obtaining a default judgment against Johnson in September 2001 for $50,439.08, *520 the Bank cast its grateful eyes on Johnson’s $90,000 State I judgment (once it was affirmed by this Court), regarding the State I judgment as an excellent source of funds from which to collect its own judgment against Johnson. The Bank filed a writ of garnishment against the $90,000 judgment and, as discussed below, Deere later intervened in State II to stop the garnishment.
4. FEDERAL II — (Deere v. First National Bank and Johnson)
¶ 18. Deere had indemnified Parker Tractor for the judgment in State I. Thus, Deere filed suit against Johnson and First National Bank in the U.S. District Court for the Northern District of Mississippi, seeking to enjoin the garnishment action. Ordinarily, federal courts may not issue injunctions against state courts. 28 U.S.C. § 2283 (1948) (“Anti-Injunction Act”). However, Deere argued that the injunction it sought fit the exceptions under the act.
¶ 19. In September 2002, the district court refused to enjoin enforcement of Johnson’s State I judgment and dismissed Deere’s Federal II complaint for failure to state a claim. Deere appealed, and the following May, in an unpublished opinion, the Fifth Circuit affirmed the district court’s decision, citing federalism and its intent to protect the integrity of the state and federal judiciary. Deere & Co. v. Johnson, 67 Fed.Appx. 253 (5th Cir.2003).

The interlocutory appeal of State II

¶ 20. A month following its unsuccessful efforts in federal court, Deere moved to intervene in State II, claiming that its indemnity of Parker Tractor in State I provided it with standing and a sufficient interest in the litigation. Deere was permitted to intervene as an interested party in State II in October 2004, and it sought to have the county court declare the $90,000 judgment null and void, based upon Federal I’s “take-nothing” judgment.
¶ 21. Deere moved for summary judgment in November 2004, which the trial court denied. The trial court stayed all proceedings in State II and opined that the matter was proper for an interlocutory appeal to this Court. Accordingly, Deere filed its application for interlocutory appeal, raising the following issues:
I. Whether the trial court erred in denying Deere’s motion for summary judgment by not holding that collection on this Court’s judgment was precluded by the federal court judgment being satisfied.
II. Whether the trial court erred in its denial of summary judgment by holding that the last-in-time doctrine is inapplicable.
III. Whether the trial court erred in its denial of summary judgment by holding the federal court orders in Federal II to be the law of the case in the State II matter.
¶ 22. We granted Deere’s application for interlocutory appeal.
ANALYSIS
¶ 23. Interlocutory appeals are granted only to resolve a question of law, including the application of facts to that law. Miss. R.App. P. 5. We employ a de novo standard in reviewing questions of law. Russell v. Performance Toyota, Inc., 826 So.2d 719, 721 (Miss.2002). We also review denials of summary judgment using a de novo standard. Treasure Bay Corp. v. Ricard, 967 So.2d 1235, 1238 (Miss.2007). A motion for summary judgment may be granted only if “there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.” Id. (citing Miss. R. Civ. P. 56(c)). “The evidence must be viewed in the light most favorable to the nonmoving party.” *521 Id. (citing Flores v. Elmer, 938 So.2d 824, 826 (Miss.2006)).
I.
¶ 24. We begin by addressing an issue not raised by the parties, but one of significant importance to our judicial system. The precise issue before us is whether to reverse the trial court’s denial of Deere’s motion for summary judgment. In essence, the issue is whether the county court may prevent Johnson from proceeding with collection of a judgment he obtained in the circuit court — a judgment which was affirmed by this Court on appeal, and was not attacked in the circuit court that rendered the judgment.
¶ 25. Although Deere’s brief argues that “the state court judgment is not enforceable,” this surface argument obscures the logical consequence which follows Deere’s premise. In effect, Deere asks the county-court judge to hold the State I judgment uncollectible because it was made void by a judgment rendered in the federal court.
¶ 26. We know of no statute, rule, or constitutional provision which permits a county court to invalidate a judgment rendered by a Mississippi circuit court and affirmed by this Court. Such attacks on a judgment are properly within the purview of Rule 60 of the Mississippi Rules of Civil Procedure, which provides in part:
(b) ... On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.
Miss. R. Civ. P. 60(b). The comment to the rule provides that “[mjotions for relief under MRCP 60(b) are filed in the original action, rather than as independent actions themselves.”
¶ 27. In any case, the record before us says nothing of a Rule 60 motion, and neither party raised it on appeal. We therefore now proceed to address the issues raised.
II.
¶ 28. Deere argues that Johnson litigated the same breach-of-warranty causes of action in State I and Federal I. Citing City of Jackson v. Lakeland Lounge of Jackson, 688 So.2d 742, 749 (Miss.1996), Deere argues that there is a commonality in the “underlying facts and circumstances upon which a claim is asserted and relief is sought from the two actions.” Deere further asserts that the same issues of damages were argued in both cases because the causes of action were identical.
¶29. Based on the facts presented in the record before us, we cannot agree that State I and Federal I involved identical causes of action, arising out of a commonality of underlying facts and circumstances. Deere initiated Federal I to collect amounts due pursuant to the Loan between itself and Johnson. The record *522 provides no evidence that the Loan involved Parker Tractor.
¶ 30. Furthermore, Johnson’s counterclaim against Deere asserted a claim of revocation of acceptance of the combine, a claim related to the seller, rather than the financier. Johnson’s State I suit included a claim of negligence, a claim not present in Federal I. And although both suits involved breach-of-warranty claims, the record does not clearly establish that these warranty claims are the same. Thus, we are not persuaded that the claims in State I and Federal I are identical. Since they are not, Deere’s argument — that the State I judgment was satisfied by the Federal I “take-nothing” judgment — has no merit.
III.

The “last-in-time” doctrine.

¶ 31. Deere next argues that we should apply the “last-in-time” doctrine to give precedence to the Federal I judgment over the State I judgment. According to the Restatement (Second) of Judgments: “When in two actions inconsistent final judgments are rendered, it is the later, not the earlier, judgment that is accorded conclusive effect in a third action under the rules of res judicata.” Restatement (Second) of Judgments § 15 (1982).
¶ 32. The comments to Section 15 state, in relevant part, that “when a prior judgment is not relied upon in a pending action in which it would have had conclusive effect as res judicata, the judgment in that action is valid even though it is inconsistent with the prior judgment.” Id. cmts. Deere argues that the judgment in Federal I is controlling because it was rendered after the judgment in State I, and Johnson did not assert res judicata in Federal I. We reject Deere’s argument.
¶ 33. We begin by pointing out the obvious: The “last-in-time” rule applies only where res judicata could have applied.

Res judicata

¶ 34. This Court has held that four identities must be present before the doctrine of res judicata will be applicable: (1) identity of the subject matter of the action, (2) identity of the cause of action, (3) identity of the parties to the cause of action, and (4) identity of the quality or character of a person against whom the claim is made. Where these four identities are present, the parties will be prevented from re-litigating all issues tried in the prior lawsuit, as well as all matters which should have been litigated and decided in the prior suit.
Hogan v. Buckingham, 730 So.2d 15, 17 (Miss.1998). See also Walton v. Bourgeois, 512 So.2d 698, 701-702 (Miss.1987) (internal citations omitted).
¶ 35. Res judicata requires a finding of all four identities. Because we hold that the second identity — “identity of the cause of action” — clearly has not been established in this case, we find it unnecessary to address the other three identities.
¶ 36. In State I, Johnson sued Parker Tractor for negligence and breach of warranty. In Federal /, Deere sued Johnson for breach of his loan agreement, and Johnson counterclaimed against Deere for breach of its implied and express warranties, breach of the implied warranty of fitness for a particular purpose, and intentional misrepresentations.
¶ 37. Although Deere argues that the same breach-of-warranty claims are raised in both suits, it is unclear from the record before this Court whether that is so. The warranties for which a seller is responsible are not necessarily the same warranties for which a manufacturer is responsible— *523 and the damages may be very different. See Royal Lincoln-Mercury Sales, Inc. v. Wallace, 415 So.2d 1024, 1027-28 (Miss.1982) (holding the implied warranty of merchantability is applicable only to the seller of a defective automobile, while the manufacturer could be held liable for breach of express warranties). Moreover, the cases cited by Deere to support its res judicata argument involve federal and state cases with identical parties. Clearly, that is not the case here.
¶ 38. Further, the federal action includes Johnson’s claim that he revoked acceptance of the combine. State I includes no such claim, but does include a negligence claim not found in Federal I. For these reasons, we hold that Deere has failed to establish the second identity required for res judicata to have conclusive effect and, therefore, the county-court judge in State II did not commit error in denying summary judgment.
¶ 39. Finally, contrary to Deere’s implication, Johnson asserted res judicata when he moved to have Federal I stayed pending the outcome of the State I appeal. Deere fails to convince us that Johnson should have done more to preserve his res judicata defense.
IV.
¶ 40. In its third and final issue raised on appeal, Deere asserts “that the trial court erred in denying [its] motion ... for summary judgment by concluding that under the ‘law-of-the-case’ doctrine, the district court order and the unpublished opinion of the Fifth Circuit in [Federal II ] are the law of the case in [State IIV’
¶41. The federal court in Federal II held the “last-in-time” rule did not apply because there was no identity of the causes of action in State I and Federal I. Deere argues, however, that the state court in State II should not have applied this holding from Federal II because it is not the law of the case in State II. While we agree with Deere that the Federal II holding is not binding as the law of the case as to State II, Deere’s argument nevertheless fails for the reasons stated above in section III.
CONCLUSION
¶42. For all of the above reasons, the Coahoma County Court’s denial of summary judgment is affirmed. This case is affirmed and remanded to that court for further proceedings consistent with this opinion.
¶ 43. AFFIRMED AND REMANDED.
WALLER, C.J., AND CARLSON, P.J., RANDOLPH, LAMAR, CHANDLER AND PIERCE, JJ„ CONCUR.
GRAVES, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J.
APPENDIX A
[[Image here]]
*524 [[Image here]]
*525 [[Image here]]

. For those few souls in Mississippi not familiar with combines, they are farm implements used to harvest corn, wheat, and other grain crops.

. See Appendix A for a timeline of events.

. Although not at issue here, Justice Carlson's excellent recent opinion in Dedeaux v. Pellerin Laundry, Inc., 947 So.2d 900, 908-09 (Miss.2007), clarifies the law regarding remittiturs or additurs.

. Deere opposed Johnson’s motion, claiming (contrary to its position in the matter before us today) the issues in the two lawsuits were different.