LEE, Justice,
for the Court:
Beco, Inc. filed suit against American Fidelity Fire Insurance Company for eight thousand five hundred fifty-five dollars three cents ($8,555.03) on a performance bond in the Circuit Court of Washington County. The parties waived jury trial and, at the conclusion of the plaintiff’s case, the trial judge sustained a motion of American Fidelity Fire Insurance Company for directed verdict, and Beco, Inc. has appealed here.
The trial judge gave as reasons for sustaining the motion for directed verdict that (1) Beco, Inc. dealt exclusively with Wolfe Electric Company, Inc. and not with Bob Wolfe Electric Company, the principal under the bond, and Beco, Inc. was precluded from seeking relief under the bond; and (2) Beco, Inc. failed to establish that the materials in issue were actually incorporated into the Bank of Indianola. We conclude that the judge erred in granting the motion for directed verdict and we reverse and remand for a new trial.
The declaration charged that on or about September 18, 1975, Bob Wolfe d/b/a Bob Wolfe Electric Company entered into a contract with Bank Building & Equipment Corporation of America to perform certain electrical work on the Bank of Indianola building; that on said date Bob Wolfe Electric Company, by B. J. Wolfe, Sr., as principal, and American Fidelity Fire Insurance Company, as surety, executed a performance bond in the sum of forty thousand two hundred forty-five dollars twenty-four cents ($40,245.24) with Bank Building & Equipment Corporation of America, as obli-gee, for the performance of an electrical contract in the construction of the said Bank of Indianola building; that Beco, Inc. supplied electrical materials for the Bob Wolfe Electric Company, which were used on the Bank of Indianola construction job and that the sum of $8,555.03 was not paid and was owing; and that American Fidelity Fire Insurance Company is liable to Beco, Inc. by virtue of the obligations under the said performance bond. The answer admitted that Beco, Inc. supplied electrical materials to Wolfe Electric Company used in the Bank of Indianola project, but denied that any money was due and owing to Beco, Inc. for materials supplied to the said job.
The evidence indicates that B. J. Wolfe, Sr., who is also known as Bob Wolfe, is an electrical contractor and that he operates under the individual name of Bob Wolfe Electric Company and under the corporate name of Wolfe Electrical Company, Inc. Mr. Wolfe and his business operators have the same post office address and operate from the same building located on Highway 82, Greenville, Mississippi.
On September 18, 1975, B. J. Wolfe, Sr., as principal, executed a performance bond [Appendix I] under the name Bob Wolfe Electric Company, by B. J. Wolfe, Sr., and appellee executed the bond as surety. The *1345 bond recited that Bob Wolfe Electric Company had entered into a written agreement with Bank Building & Equipment Corporation of America, the obligee, to perform the electrical work (labor and materials) for Bank of Indianola building, in accordance with certain drawings and specifications. The amount of the contract and bond was $40,245.24 and Wolfe was bound for the performance of said contract.
Numerous invoices for electrical supplies were exhibited to the declaration, and were introduced in evidence. They show that the supplies were sold to Wolfe Electric, P. 0. Box 306, Greenville, Mississippi, and many of them reflect that the materials were shipped to Indianola Bank, Indianola, Mississippi. Mr. Charles H. Steed, salesman for appellant, testified that the invoices are for materials that Beeo, Inc. shipped to the Indianola Bank as called for in the specifications. He further testified that he had seen (the) electrical materials installed in the Bank of Indianola building. Appellant introduced in evidence a check from Bob Wolfe Electric Company payable to Beco, Inc. in the amount of forty-three hundred twenty-nine dollars thirty-two cents ($4,329.32), a part of which was for the Bank of Indianola job. On February 10, 1977, Bank Building & Equipment Corporation of America, obligee under the performance bond, gave notice of final settlement [Appendix II] of the contract on which Bob Wolfe Electric Company of Greenville, Mississippi (Bob Wolfe) performed the bank building contract.
On October 14, 1977, appellant filed a request for admissions which was served upon appellee. On November 16, 1977, Bob J. Wolfe and Lucille Wolfe, without benefit of counsel, filed an instrument designated “Petition for Intervenor” wherein it was stated that they had the information with which to answer the request for admissions, and they answered five interrogatories propounded to the defendant in said request for admissions.
(1)They denied that Beeo, Inc. supplied electrical materials for use by Bob Wolfe Electric Company on the Bank of Indianola job.
(2) They stated that Bob Wolfe Electric Company has never purchased materials from Beco, Inc. or had an account at any time with Beco, Inc.; that Bob Wolfe Electric Company did not perform the contract on the Bank of Indianola job and did not furnish labor or materials in the performance of such contract.
(3) They admitted that the performance bond attached to the declaration entered into by Bob Wolfe Electric Company for work on the Bank of Indianola job was a true and correct copy of the original.
Although appellee did not introduce any evidence, its defense appears to be that Bob Wolfe Electric Company (Bob Wolfe) did not perform the contract, did not do any work on the Indianola Bank building, and did not purchase materials from Beco, Inc. Such a position is indeed strange when the performance bond recites that Bob Wolfe Electric Company (Bob Wolfe) had entered into a written contract for the electrical work on the Indianola Bank building; the building was completed and the electrical work was performed; Beco, Inc. supplied the electrical material for the job; and Bank Building & Equipment Corporation of America, obligee, gave notice of final settlement that the contract had been performed by Bob Wolfe Electric Company (Bob Wolfe). There emerges from the evidence and inferences the inescapable conclusion that B. (Bob) J. Wolfe, Sr. (only signature on bond) was the real actor, whether as an individual or by his family corporation. It is difficult to see how appellee was misled or prejudiced by what transpired, in dealing with Mr. Wolfe.
Mississippi Code Annotated Section 85-7-185 (1972) provides as follows:
“When any contractor or subcontractor entering into a formal contract with any person, firm or corporation, for the construction of any building or work or the doing of any repairs, shall enter into a bond with such person, firm or corporation guaranteeing the faithful performance of such contract and containing such provisions and penalties as the parties thereto may insert therein, such bond *1346 shall also be subject to the additional obligations that such contractor or subcontractor, shall promptly make payments to all persons furnishing labor or material under said contract; and in the event such bond does not contain any such provisions for the payment of the claims of persons furnishing labor or material under said contract, such bond shall nevertheless inure to the benefit of such person furnishing labor or material under said contract, the same as if such stipulation had been incorporated in said bond, and any such person who has furnished labor or materials used therein; for which payment has not been made, shall have the right to intervene and be made a party to any action instituted on such bond, and to have his rights adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the rights or claim for damages or otherwise, of the obligee. The bond herein provided for may be made by any surety company authorized to do business in the State of Mississippi.”
Appellee contends that the above section does not cover appellant under the case of Alabama Marble v. United States Fidelity & Guaranty Co., 146 Miss. 414, 111 So. 573 (1927). We distinguish that case from the present case and hold that the statute applies here. Although Wolfe was engaged in corporate and individual operations, the following general principle is significant:
“[According to a number of cases, the notion of separate corporate existence of parent and subsidiary or affiliated corporations will not be recognized where one corporation is so organized and controlled and its business conducted in such a manner as to make it merely an agency, instrumentality, adjunct, or alter ego of another corporation. The fiction of separate corporate identity of two corporations will not be extended to permit one of the corporations to evade its just obligations or to promote fraud or illegality or injustice.” 18 Am.Jur.2d Corporations § 17, at 565-566 (1965).
See Highway Development Co., Inc. v. Mississippi State Highway Commission, 343 So.2d 477 (Miss.1977); Johnson & Higgins of Miss., Inc. v. Commissioner of Insurance of State of Mississippi, 321 So.2d 281 (Miss.1975); Hernando Bank v. Bryant Electric Co., Inc., 357 F.Supp. 575 (N.D.Miss.1973); and Houston Oil Field Material Company v. Stuard, 406 F.2d 1052 (5th Cir. 1969).
The evidence and inferences flowing therefrom established a prima facie case for the appellant. Had the appellee rested without introducing evidence, the appellant would have been entitled to recover the amount sued for. Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss.1975). The trial judge erred in sustaining the motion for a directed verdict in favor of appellee. The judgment of the lower court is reversed and the cause is remanded for a new trial.
Appellant assigned as error the court’s action in sustaining the objection to questions dealing with invoice billing of the different companies. That evidence is relevant to the questions involved and should be admitted on the new trial.
This case was considered by a conference of the justices en banc.
REVERSED AND REMANDED.
PATTERSON, C. J., and SMITH and ROBERTSON, P. JJ., SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.
APPENDIX I
AMERICAN FIDELITY FIRE INSURANCE COMPANY
Westbury, New York
BOND NO. 2042984
PERFORMANCE BOND
KNOW ALL MEN BY THESE PRESENTS THAT Bob Wolfe Electric Co. . as Principal, hereinafter called Contractor, and AMERICAN FIDELITY FIRE INSURANCE COMPANY, a company duly created and existing under the laws of the State of New York, as Surety, having its principal office in Westbury, New York, hereinafter called Surety, are held and firmly bound unto Bank Building & Equipment Corp. of *1347 America . as Obligee, hereinafter called Owner, in the amount of Forty Thousand Two Hundred Forty Five and 24/100 DOLLARS ($40.245.241. for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally firmly by these presents.
WHEREAS, Contractor has by written agreement dated 5/21/75 entered into a contract with Owner for the labor and materials for electrical contract for Bank of Indianola. Miss, in accordance with drawings and specifications prepared by Jack A. Jones. Jr. . which contract is by reference made a part hereof and is hereinafter referred to as the Contract.
NOW THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH THAT, if Contractor shall promptly and faithfully perform said contract, then this obligation shall be null and void; otherwise, it shall remain in full force and effect.
Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner’s obligation thereunder, the Surety may promptly remedy the default, or shall promptly:
(1) Complete the Contract in accordance with its terms and conditions, or
(2) Obtain a bid or bids for submission to Owner for completing the contract in accordance with its terms and conditions, and upon determination by Owner and Surety of the lowest responsible bidder, arrange for a contract between such bidder and owner, and make available as work progresses (even though there should be a default or succession of defaults under the contract or contracts of completion arranged under this paragraph), sufficient funds to pay the cost of completion, less the balance of the contract price, but not exceeding, including other costs and damages for which the Surety may be liable thereunder the amount set forth in the first paragraph hereof. The term balance of the contract price as used in this paragraph shall mean the total amount payable by Owner to Contractor under the contract and any amendments thereto less the amount properly paid by Owner to Contractor.
Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the contract falls due.
No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein, or the heirs, executors, administrators or successors of Owner.
Signed and sealed this 18th day of September of 1975.
Bob Wolfe Electric Co.
By: B. J. Wolfe,. Sr.
/s/ B. J. WOLFE. SR.
Principal
1512 Highway 82 East
Greenville, Miss.
Business Address
Countersigned:
AMERICAN FIDELITY FIRE INSURANCE COMPANY
/s/ SAM H. LESS
Sam H. Less Attorney in-fact
APPENDIX II
NOTICE TO ALL INTERESTED PARTIES:
Pursuant to Mississippi Code Annotated 85-7-189 (1972), Bank Building and Equipment Corporation of America (“Bank Building”), obligee under American Fidelity Fire Insurance Company Bond No. 2042984 on which Bob Wolfe Electric Company of Greenville, Mississippi (“Bob Wolfe”) is principal, gives notice that final settlement of the contract performed for Bank Building by Bob Wolfe on the Bank of Indianola, in Indianola, Mississippi, a Branch of the Planters Bank and Truste Company, has been made.
Bank Building and Equipment Corporation of America
William L. Smith, Esq. Vrunini, Grantham, Grower & Hewes 1440 First National Bank Building Jackson, Mississippi 39205 601-948-3101