373 So.2d 1033 (1979)
THAMES & COMPANY, and Mrs. L.T. Rogers, Sr.
v.
Donald E. EICHER, Jr. and Rosemary Eicher.
No. 51292.
Supreme Court of Mississippi.
August 8, 1979.
*1034 Prewitt & Prewitt, John W. Prewitt, Vicksburg, Daniel, Coker, Horton, Bell & Dukes, Alan B. Cameron, Jackson, for appellants.
Ellis, Braddock & Bost, William M. Bost, Jr., Vicksburg, for appellees.
Before ROBERTSON, P.J., and BROOM and COFER, JJ.
BROOM, Justice, for the Court:
Implied warranty and damages for breach thereof with reference to a new house purchased by Donald E. Eicher, Jr. and his wife Rosemary Eicher is the chief feature of this case tried in the Circuit Court of Warren County. In that court, a $60,000 jury verdict was returned in favor *1035 of the Eichers and against the appellants, Thames & Company and Mrs. L.T. Rogers, Sr. The lower court entered a remittitur reducing the recovery to $50,000. We affirm as to liability but order a new trial as to damages unless the Eichers accept an additional remittitur of $12,000.
On June 25, 1973, Mrs. Rogers as president of Thames & Company executed a deed conveying to the Eichers the subject house for a total price of $38,500. Shortly thereafter, the house began to show signs of an improper foundation in that window frames and window panes bulged outward. Later on, less than two years after the purchase, the house almost came apart, as evidenced by cracks at various places. Soil tests by an expert revealed that sagging occurred to the house because of the inadequate and insufficient foundation for the house, which was constructed upon a fill. Evidence accepted by the jury was that Mrs. Rogers told the Eichers that the house was not on a filled lot but on a cut lot. Testimony accepted by the jury established that two rooms became uninhabitable because of the defects and it is obvious that the implied warranty against defects in a new house was breached.
The first argument made is the assertion of Mrs. Rogers that the lower court erred in looking past the corporation Thames & Company to hold her liable for what she contends are the acts of her corporate employer, Thames & Company. We recognize the decisional law of Mississippi that ordinarily an authorized agent for a disclosed principal cannot be held liable for the acts of the agent's corporate principal. Reliance is placed upon Oliver v. City Builders, Inc., 303 So.2d 466, 469, 470 (Miss. 1974), which held that a builder-vendor was liable upon an implied warranty to his first purchaser or vendee for defects in the new house. Mrs. Rogers contends that she was not the builder-vendor of the house but a mere agent for Thames, the original builder-vendor of the house. However, according to the Eichers' testimony, they knew only of Mrs. Rogers (and not Thames) during all the negotiations until the occasion of closing out the house purchase. The facts show here that the corporate appellant, Thames, was no more than the alter ego of Mrs. Rogers. She held all of the stock in the company, and when deposed on February 21, 1978, was unable to recall who the directors and stockholders of the corporation were. She furnished construction funds for the corporation which appeared to be without substantial capital. The evidence established that the corporation held no regular meetings and there were no minutes pertaining to its operation. Testimony reveals that Mrs. Rogers treated the corporation almost as though it did not exist and upon the evidence, we cannot say that the court erred in looking past and beyond the corporate structure and allowing Mrs. Rogers to be held individually, along with Thames, liable for the defective house.
Another argument made contends for reversal based upon improper remarks made by counsel for the Eichers. While the remarks may have been improper, we do not consider them to be of sufficient severity to warrant reversal.
Appellants Thames and Rogers argue that reversal is required because the trial court erroneously gave plaintiffs' instructions 2, 5, 18, 25, and 26 and erroneously refused to give defendants' instructions 17, 20, and 21.
The essence of the objections to instructions 2, 5, and 25 is that, according to the appellants, it was clear that Thames was the builder of the house (not Mrs. Rogers). On this basis, it is argued that these three instructions confused the jury and require reversal. In substance, the appellants are arguing that it was erroneous to include in the instructions language "that the defendants Thames & Company and Mrs. L.T. Rogers" (emphasis added) constructed the house. We agree that these instructions are not artfully drawn, but they do not require the jury to find that Mrs. Rogers built the house. There was at least some evidence that she had some part in the construction by taking care of certain supervisory and inspection duties. Accordingly we conclude that granting plaintiffs' *1036 instructions numbered 2, 5, and 25 does not require reversal. Plaintiffs' instruction 18 erroneously allowed the jury to consider moving and living expenses because there was no evidence whatever as to the quantum of such damages, if any. This error relates only to damages and not to liability. We find no merit to Thames' argument that failure of the court to grant defendants' instructions D-17, D-20, and D-21 was reversible error. D-17, D-20, and D-21 were peremptory in form in that they relied upon the premise that only Thames was the builder, and that Mrs. Rogers was an agent. Whether Mrs. Rogers was only an agent was a critical jury issue rendering D-17, D-20, and D-21 incorrect. Instructions D-18 and D-19 (both given) adequately instructed the jury on the issue of Mrs. Rogers' agency.
The appellants further argue that the Eichers' instruction 26 is erroneous because it would guide the jury toward a determination of individual liability on the part of Mrs. Rogers. This instruction clearly was erroneously given because it, in effect, told the jury that it may find against Mrs. Rogers to the effect that she "was guilty of falsely representing a material fact to the Eichers... ." Under our law, the burden of proof to establish a false representation charge is that it must be proven by clear and convincing evidence. The subject instruction (26) allows the jury to base its finding as to false representation from a mere preponderance of the evidence. Regarding this instruction, the appellees correctly point out that, at the trial level, objection was not made to the instruction on the basis that it should have required proof by clear and convincing evidence. Upon this record, absent the proper objection to instruction 26, we will not reverse on such a basis. Although the instructions are subject to criticism, on the whole they do not require reversal.
WAS THE VERDICT SO EXCESSIVE AS TO BE TOTALLY UNRELATED TO AND AGAINST THE VERY WEIGHT OF THE EVIDENCE AND EVINCING BIAS, PASSION AND PREJUDICE?
Review of the evidence of the witnesses who testified as to what it would cost to put the Eichers' house in proper condition reveals that the highest figure given in this regard would be approximately $38,000, inclusive of costs of repairs plus foundation work and a small amount for inconvenience to the Eichers. We agree that in view of this fact, the amount of the verdict is against the weight of the evidence and indicates that it was based at least in part upon bias, passion, and prejudice and may very well have in part resulted from the improper instruction 18. Therefore, a new trial will be granted unless a remittitur in the amount of $12,000 is entered by the Eichers within fifteen days from the effective date of this opinion reducing their judgment to $38,000. If the Eichers accept their option and enter the remittitur of $12,000, the case will be affirmed for $38,000. Should the Eichers reject the remittitur, the case will be reversed and remanded for retrial as to damages only.
AFFIRMED WITH REMITTITUR.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.