**FOAMEX, L.P. Plaintiff**

v.

**SUPERIOR PRODUCTS SALES, INC.,
James A. Matthews, Sr. and XYZ
Companies Defendants**

**No. CIV.A. 1:03CV99.**

United States District Court,
N.D. Mississippi,
Eastern Division.

March 10, 2005.

Sheldon Givens Alston, Brunini, Grantham, Grower & Hewes, Jackson, MS, for Foamex, L.P., Plaintiff.

E. Clifton Hodge, Jr., Phelps Dunbar, Jackson, MS, Mark Nolan Halbert, Phelps Dunbar, Tupelo, MS, for Superior Products Sales, Inc., James A. Mathews, Sr., Defendants.

## ORDER

MILLS, District Judge.

This cause comes before the court on the motion [20–1] of defendant James A. Matthews, Sr., for summary judgment, pursuant to Fed.R.Civ.P. 56. Plaintiff Foamex, L.P. has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and due to be granted.

This is a breach of contract action involving the admitted failure of Superior Products Sales, Inc. ("Superior") to pay for products which it purchased prior to going out of business. The remaining issues in this case involve efforts by plaintiff Foamex, a manufacturer of products used to build furniture, to recover personally against defendant Matthews, who is the sole shareholder of defendant Superior. Superior, a Mississippi corporation, had for many years purchased Foamex products on open account. In 2002, however, Superior began experiencing financial difficulties and became delinquent on many of its debts, including debts owed to Foamex. Superior ceased operations in January 2003, while still owing Foamex $ 869,329.16 for products provided to it.

On February 20, 2003, Foamex filed the instant action against Superior and Matthews, seeking recovery of the amounts owed to it. On October 20, 2003, Foamex and Superior agreed to the entry of a consent judgment against Superior in the amount of $869,329.16. As a result of the consent judgment, the sole remaining issues for the court's consideration relate to Foamex's attempts to "pierce the corporate veil" and hold Matthews personally liable for Superior's debts. Matthews has moved for summary judgment as to his individual liability, arguing that the proof in this case is insufficient to meet the stringent requirements for piercing the corporate veil under Mississippi law. The court agrees.

Under Mississippi law, a corporation is treated as a separate entity and its assets are to be treated as separate and distinct from the debts of its individual shareholders. *American Telephone & Telegraph Co. v. Purcell Co.,* 606 So.2d 93, 97 (Miss.1990). The operation of a corporate business does not render one personally liable for corporate acts. Indeed, a defendant's sole ownership of a corporation, including the fact that he uses and controls it to promote his ends, is not even a factor for the court to consider in determining whether to hold him personally liable for the corporation's debts. *Gray v. Edgewater Landing,* 541 So.2d 1044, 1047 (Miss.1989). In *Gray,* the Mississippi Supreme Court held that in order to pierce the veil of a corporation, a plaintiff must show the following: (1) a frustration of the legitimate expectations of the plaintiff regarding the entity to whom he looked for contract performance; (2) a flagrant disregard for the corporate formalities by the principals of the corporation and; (3) fraud or equivalent malfeasance by the corporate principals. *Gray,* 541 So.2d at 1047.

Arguably, Foamex has created fact issues as to whether the first two *Gray* factors are met. Indeed, Foamex has presented proof of a very large debt which is indisputably owed to it by Superior, and Foamex's proof establishes that Matthews even undertook to personally pay some of the debts with personal checks. This and certain other proof suggest that Foamex's legitimate expectations may have been frustrated in this case. As to the second *Gray* factor, Foamex has presented proof of instances in which corporate formalities were disregarded by Superior, although it is questionable whether the disregarding of formalities should be considered "flagrant" under *Gray.*

■ At any rate, the court concludes that genuine issues of material fact do not exist with regard to the third *Gray* factor, requiring proof of "fraud or equivalent misfeasance." In the court's view, the evidence presented establishes nothing more than a breach of contract by a failing corporation, and the court cannot conclude that defendants' actions in this case involved "fraud or equivalent misfeasance." Indeed, the Mississippi Supreme Court has made it exceedingly difficult for a plaintiff to pierce the corporate veil in cases involving a simple breach of contract, writing as follows:

> Where, in the context of an action for breach of a lease or other similar consensual undertaking, a party seeks to pierce the veil of the corporation with whom he has contracted and to hold the shareholders personally liable, our focus is fixed upon the expectations of the parties in concluding the bargain. Since contract liability arises from an essentially consensual relationship, courts generally decline to disregard the corporate entity, choosing instead to enforce the contract as written. ... As do most courts, this Court has reserved piercing the corporate veil for factual circumstances which are clearly extraordinary—where to do otherwise would "subvert the ends of justice." Among this Court's reports may be found a long string of decisions reflecting our law's commitment to the legal integrity of the corporate entity—and the concomitant limited liability of shareholders. The prior holdings of this Court are consonant with the great weight of authority elsewhere to the effect that, in contract actions, the corporate fiction will not be disregarded in cases of simple negligence. A corollary of this general state-

ment is that the breach of a contract, without more (i.e., a showing of fraud) does not justify the disregard of the corporate entity. ·

*Gray* at 1046 (citations omitted). ·

Foamex asks this court to infer fact issues relating to fraud based in part upon the fact that Matthews undertook to personally pay some of the debts owed by Superior. While this proof may assist Foamex in establishing fact issues regarding the disregarding of corporate formalities, the court is reluctant to punish Matthews for volunteering to pay part of a debt which he had no legal obligation to pay. Indeed, some may find Matthews' conduct laudable, rather than fraudulent, and this court hesitates to punish him for such conduct.

The court acknowledges that Mississippi and Fifth Circuit case law make it clear that there is a rather fine line between cases in which those courts have permitted a piercing of the corporate veil and those cases in which they have refused to permit such. Indeed, Foamex is able to cite Mississippi Supreme Court and Fifth Circuit opinions which have found sufficient evidence to pierce the corporate veil in cases somewhat analogous to the present one. *See, e.g. Thames v. Eicher,* 373 So.2d 1033 (Miss.1979); *Kramer v. Keys,* 643 F.2d 382 (5th Cir.1981). At the same time, the Mississippi Supreme Court in *Gray* noted the "a long string of decisions reflecting our law's commitment to the legal integrity of the corporate entity," most particularly in cases involving contracts between the parties. *Id.* Moreover, notwithstanding the delicate legal distinctions which arise in the present context, the court does not view this case as presenting material fact issues (such as issues regarding the credibility of witnesses or evidence) demanding a jury determination.[1] This case presents

---

1. If the Fifth Circuit should disagree with this   court's application of the law, it is submitted

close issues. However, these issues involve more the application of law to the present facts rather than genuine factual disputes. Hence, summary judgment is appropriate.

The court places paramount emphasis, in this close case, upon the fact that Foamex and Superior are each sophisticated business entities sharing a business relationship spanning several years. At any point during this relationship, Foamex could have avoided the present issue by simply requiring a written guarantee from Matthews personally. It failed to do so. Personal guarantees are commonly required by creditors with respect to comparatively minor debts, and the court sees no valid reason why a sophisticated business entity such as Foamex could have allowed a $869,329.16 debt to accumulate with no personal guarantee from Matthews if it wished to reserve a right to hold this defendant liable for this debt. The court also notes that there is no suggestion in the record that Matthews is personally able to pay the debts in question. While not explicitly listed as a factor by *Gray*, the court might find the equities of the case more favorable to Foamex if the evidence established that Matthews had commingled his personal assets with those of Superior and that he now sought to avoid a debt which he was able to pay. Foamex has not even attempted to demonstrate that Matthews has the ability to pay the debt owed by Superior, however.[2]

In light of the foregoing, the court concludes that this case presents nothing more than a breach of contract by a failing corporation and that to interpret the facts in this case as constituting "fraud or equivalent misconduct" would essentially render irrelevant the strict legal requirements for establishing fraud under Mississippi law. The court agrees with Matthews that he has no personal liability for the debts in question, and this defendant's motion for summary judgment is therefore due to be granted.

### *JUDGMENT*

For the reasons given in the court's order issued this date, this action is hereby dismissed with prejudice.

---

that it would be preferable to reverse and render rather than remand for new trial. The issues in this case are essentially legal/policy issues rather than true fact issues.

2. In response to an inquiry from a member of the court's staff, counsel for Foamex conceded that there was no evidence in the record that Matthews was able to pay the debt in question.