# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CT-00035-SCT

*LARRY JARRETT AND DIXIE PRODUCTS
COMPANY*

*v.*

*ROBERT HOUSTON DILLARD, EXECUTOR OF
THE ESTATE OF ROY F. DILLARD, DECEASED*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/04/2012 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER, III |
| TRIAL COURT ATTORNEYS: | W. BRENT MCBRIDE |
| | J. MAX EDWARDS, JR. |
| COURT FROM WHICH APPEALED: | PONTOTOC COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | J. MAX EDWARDS, JR. |
| ATTORNEYS FOR APPELLEE: | T. K. MOFFETT |
| | W. BRENT McBRIDE |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED.  THE JUDGMENT OF THE CIRCUIT COURT OF PONTOTOC COUNTY IS REINSTATED AND AFFIRMED - 07/02/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This proceeding involves efforts by an employee, Ray Dillard, to collect workers'

compensation benefits from the president and majority shareholder, Larry Jarrett, of a

company, Dixie Products Inc., that failed to provide benefits awarded by the Mississippi

Workers' Compensation Commission. Finding the Court of Appeals improperly applied *res*

*judicata* and the statute of limitations against the employee, we reverse the holding of the

Court of Appeals and reinstate and affirm the circuit court judgment in favor of the employee

against the president and company, jointly and severally.

## FACTS AND PROCEDURAL HISTORY

¶2. This section has been taken from the Court of Appeals opinion.

> During June 1997, the [Workers' Compensation] Commission held that Dillard suffered a compensable injury and awarded him approximately $200 per week in temporary total disability benefits until further order. The Commission also ordered Dixie Products to pay for Dillard's medical bills, to the extent that they resulted from his injury. [The Court of Appeals] affirmed the Commission's judgment in ***Dixie Products Co. v. Dillard***, 770 So. 2d 965, 967 (Miss. Ct. App. 2000). The mandate issued on November 27, 2000.

> Three days after the mandate issued, one of Dillard's attorneys filed a lis pendens notice regarding several parcels of real property that Jarrett owned. Dixie Products did not own any of the property listed in the lis pendens notice. However, Dillard's attorney released the lis pendens notice during February 2001. Dillard's attorney sent Jarrett a letter notifying him of the release. Within that letter, Dillard's attorney told Jarrett that "[w]e have also requested [that] the Commission . . . enter a judgment against you personally since you failed to maintain [w]orker[s'][c]ompensation insurance."

> In June 2001, Dillard's other attorney sent a letter to the administrative judge (AJ). The letter stated that there were a number of unresolved issues remaining in Dillard's workers' compensation claim. According to Dillard's attorney, one of the remaining issues was: Whether [Dillard's] award should be against [Dixie Products] solely or should be against [Jarrett] since [he] failed to maintain worker[s'] compensation insurance and since, upon information and belief, [the assets of Dixie Products are] grossly insufficient to satisfy any claim, [Dixie Products] has been depleted of all assets, and [it] is no longer in operation.

> Dillard died on June 10, 2005. At that time, the AJ had not conducted a hearing on the unresolved issues in Dillard's workers' compensation case. Approximately two months after Dillard died, his son, Robert Dillard (Robert), opened the Estate. Robert was subsequently appointed as the executor of Dillard's will.

Later, the AJ heard the remaining issues in Dillard's workers' compensation claim. The AJ entered an opinion on April 11, 2007. The AJ stated that "benefits have continued to be paid," but the AJ did not specify how much Dillard had been paid. The AJ further stated that Dillard "is entitled to receive and has been receiving permanent total disability benefits." Finally, the AJ held that Dillard was entitled to expenses associated with reasonable and necessary medical treatments for his work-related injury, and penalties and interest for any past-due payments.

Ten months later, the AJ entered an amended order. It is unclear what prompted the AJ's amended order. In any event, the AJ held that Dillard was entitled to approximately $125,000 in permanent total disability benefits, ten percent interest in past-due installments, and total benefits of approximately $136,400. No one appealed the AJ's judgment.

On June 18, 2009, the Estate filed a complaint on behalf of the estate against Jarrett and Dixie Products in the circuit court. The Estate claimed that Dixie Products "was required to carry worker[s'] compensation insurance at all times and [it] failed to do so. Therefore, [Jarrett] is personally liable for the judgment rendered in the worker[s'] compensation claim." Jarrett filed an answer. Among other things, Jarrett argued that the Estate's claim was barred by the statute of limitations and the doctrine of res judicata.

Later, the Estate filed a motion for a judgment on the pleadings or, alternatively, for summary judgment. The Estate argued that it was entitled to summary judgment against Jarrett in his individual capacity because he had been the president and secretary of Dixie Products, and it did not have workers' compensation insurance at the time of Dillard's injury. The Estate also argued that the "individual claim against . . . Jarrett is wholly unrelated to" Dillard's previous claim for workers' compensation benefits.

In September 2010, the circuit court granted the Estate's motion for summary judgment in part. Specifically, the circuit court held that summary judgment was appropriate against Dixie Products, and the judgment against it should be enrolled. However, the circuit court denied Robert's motion for summary judgment as it pertained to Jarrett's individual liability.

During August 2012, the Estate filed a renewed motion for summary judgment. Essentially, the Estate reiterated its argument that it was entitled to summary judgment against Jarrett in his individual capacity. The circuit court heard the Estate's renewed motion for summary judgment on October 23, 2012. The Estate again claimed that there were no genuine issues of material

fact regarding Jarrett's individual liability. Jarrett argued that the Estate's claim was barred by the statute of limitations and the doctrine of res judicata. Jarrett's reasoning was based on the fact that, during 2001, Dillard had informed the AJ that Jarrett's individual liability was an issue, but Dillard failed to obtain a ruling on it. Ultimately, the circuit court granted the Estate's renewed motion for summary judgment, and entered a judgment of approximately $223,000 against Jarrett and Dixie Products "jointly and individually." Jarrett appeal[ed].

*Jarrett v. Dillard*, No. 2013-CA-00035-COA, 2014 WL 3409146, at *1-2 (Miss. Ct. App. July 15, 2014), *reh'g denied* (Dec. 9, 2014), *cert. granted*, 160 So. 3d 704 (Miss. 2015).

¶3.    This Court assigned the appeal to the Court of Appeals, which held that Dillard's claim against Jarrett was barred by *res judicata* and the statute of limitations. Dillard subsequently filed a petition for writ of certiorari, which this Court granted. Dillard raises three issues, which we rephrase as follows:

> I.    **Whether Dillard's subsequent suit was barred by the doctrine of *res judicata*.**
>
> II.    **Whether the statute of limitations had run on Dillard's claim against Jarrett.**

## STANDARD OF REVIEW

¶4.    The standard of review for summary judgment is *de novo*. ***Quinn v. Estate of Jones***, 818 So. 2d 1148, 1150 (Miss. 2002). "A motion for summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." ***Id.*** (citing Miss. R. Civ. P. 56(c)).

## DISCUSSION

> I.    **Whether Dillard's subsequent suit was barred by the doctrine of *res judicata*.**

4

¶5.    Under the umbrella of *res judicata* are two distinct categories, claim preclusion and issue preclusion. "Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748-49, 121 S. Ct. 1808, 1814, 149 L. Ed. 2d 968 (2001). Claim preclusion also refers to "the preclusive effect of a judgment in foreclosing litigation of matters that should have been raised in an earlier suit." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 376, 105 S. Ct. 1327, 1330, 84 L. Ed. 2d 274 (1985).

¶6.    The doctrine of claim preclusion, is based, in part, on the theory of merger. *C. I. T. Corp. v. Turner*, 248 Miss. 517, 543, 157 So. 2d 648, 660 (1963). Once a plaintiff secures a final valid judgment, his original claims, including all claims litigated or that could have been litigated, are merged into his then-existing claim to enforce that judgment. *Id.*; *Restatement (Second) of Judgments* § 18 (1982).

¶7.    Generally, that judgment may be enforced only against the named defendants in the prior suit. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969).The question currently before this Court is whether a judgment obtained against a corporation in a workers' compensation action may be enforced against the corporation's president and majority shareholder where that officer was not a named party in the original suit, or whether that claim is blocked by claim preclusion. This is a question of first impression in Mississippi. But other jurisdictions that have addressed substantially the same issue have held that the judgment may be enforced against such an

5

officer and shareholder where that shareholder was the alter ego of the corporation or controlled the prior litigation. ***Dudley v. Smith****,* 504 F.2d 979, 983 (5th Cir. 1974); ***Alman v. Danin***, 801 F.2d 1, 4 (1st Cir. 1986); ***Matthews Constr. Co. v. Rosen***, 796 S.W.2d 692 (Tex. 1990); ***New Orleans Jazz & Heritage Found., Inc. v. Kirksey***, 104 So. 3d 714, 718 (La. Ct. App. 2012); ***Oceanics Sch., Inc. v. Barbour***, 112 S.W.3d 135, 137 (Tenn. Ct. App. 2003); *see also* ***Taylor v. Sturgell****,* 553 U.S. 880, 893-95, 128 S. Ct. 2161, 2171, 171 L. Ed. 2d 155 (2008) (noting "a nonparty is bound by a judgment if [ ]he 'assumed control' over the litigation in which that judgment was rendered.").

¶8.     In certain circumstances, a plaintiff may seek to pierce the corporate veil and enforce a judgment against a shareholder, even though that shareholder was not a named party in the original suit. ***Dudley****,* 504 F.2d at 983; ***Matthews Constr. Co.***, 796 S.W.2d at 694. Where a shareholder acts as the corporation's alter ego, the shareholder loses the legal distinction between the corporation and the individual. ***Thames & Co. v. Eicher***, 373 So. 2d 1033, 1035 (Miss. 1979). That is, courts will disregard the separate corporate existence, and the corporation and the shareholder will no longer be seen as separate entities. *See id.*; ***Beco, Inc. v. Am. Fid. Fire Ins. Co.***, 370 So. 2d 1343, 1346 (Miss. 1979). Consequently, a judgment against the corporation is tantamount to a judgment against the shareholder alter ego. ***Dudley****,* 504 F.2d at 983; ***Oceanics****,* 112 S.W.3d at 145; *see also* ***Thames***, 373 So. 2d at 1035; ***Beco, Inc.***, 370 So. 2d at 1346.

¶9.     This rule is congruent with a defendant's right to due process. Generally, a person may not be held liable for harm to another without his day in court. But, where a shareholder is

the alter ego of a corporation and that shareholder's interests are aligned with the corporation, the shareholder's right to due process is satisfied by the corporation's opportunity to fully litigate the issue.[1] *See* **Dudley***,* 504 F.2d at 983; **Taylor***,* 553 U.S. at 893 (providing  claim preclusion requires the same parties, or that the nonparty be in such a relationship with an original party that preclusion would not violate his or her due-process rights). This is particularly true where the shareholder controls the litigation. In such circumstances, that shareholder should be bound by the prior litigation even though he or she is not a formal party. *See* **Taylor***,* 553 U.S. at 893-95; 18A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* §§ 4448, 4451 (2d ed. 2002). Where the shareholders are also the only officers of the corporation, they necessarily control prior litigation, and a plaintiff may enforce a judgment obtained against a corporation against those officer shareholders.  **Alman**, 801 F.2d at 4.

¶10.    The Mississippi workers' compensation statutes also provide a mechanism to pierce the corporate veil.  If a corporation covered by the workers' compensation statutes fails to secure compensation for an injured worker, the president, secretary, and treasurer are personally and jointly liable with the corporation. Miss. Code Ann. § 71-3-83(1) (Rev. 2011)

---

[1] It is conceivable, arguably, that a shareholder may represent a corporation in litigation in her capacity as a corporate representative where that representation is adverse to that shareholder's personal interests. Under those circumstances, it would be inequitable to treat the shareholder the same as the corporate entity for purposes of *res judicata*. This distinction in the capacity one litigates is recognized in the *res judicata* requirement that a party's quality or character in a subsequent suit be the same for *res judicata* to apply.  *See* **State ex rel. Moore v. Molpus**, 578 So. 2d 624, 640 (Miss. 1991); **Gates v. Walker**, 865 F. Supp. 1222, 1239 (S.D. Miss. 1994), *aff'd*, 62 F.3d 394 (5th Cir. 1995) ("To determine whether this identity [quality or character of the litigant] is present, the court looks to the capacities in which the parties to the two actions were sued.").

(providing "the president, secretary and treasurer thereof *shall* be . . . severally personally liable, jointly with such corporation . . . .").

¶11.    This statute and the cases cited above regarding piercing the corporate veil have a common underlying rationale. That is, in certain circumstances, a wrong is so detrimental that the wrongdoer should not escape personal responsibility by draping himself in the corporate veil. While courts are reluctant to disregard the corporate form, there are circumstances where an individual shareholder should be held personally liable. Our Legislature has deemed the failure to secure payment of a workers' compensation claim to be such a circumstance. *See* Miss. Code Ann. § 71-3-83(1); *see also **Alman***, 801 F.2d at 4 (allowing plaintiffs to enforce judgment against officer shareholders, noting that the Employment Retirement Income Security Act (ERISA) implicitly allowed the corporate form to be disregarded and officer shareholders to be held liable for a judgment against the corporation).

¶12.    Here, in the prior suit, it was determined that Dixie was subject to the workers' compensation statutes but that it failed to carry workers' compensation insurance. ***Dixie Products Co. v. Dillard***, 770 So. 2d 965, 967 n.1 (Miss. Ct. App. 2000) (***Dillard I***). Jarrett was the president of Dixie at that time and the majority shareholder. It was also determined in ***Dillard I*** that Jarrett had failed to observe corporate formalities and had commingled assets of the various corporations he owned, co-owned, or his family members owned, to such an extent that Dixie was not entitled to hold itself out as a distinct legal entity apart from Jarrett's other business ventures. ***Id.*** at 968-69. Jarrett's involvement in the earlier case as

8

Dixie's president and majority shareholder indicates his control over the prior litigation. *See* *Alman*, 801 F.2d at 4 (noting that sole shareholders as officers of the corporation necessarily controlled prior litigation).

¶13.   More importantly, as Dixie's president at the time of the injury, Jarrett, by statute, is liable to Dillard. The statutory language makes clear that the president, secretary, and treasurer of a corporation that fails to secure compensation shall be held personally liable. Miss. Code Ann. § 71-3-83(1). That is not to say that, once a judgment is entered against a corporation, an individual may simply be added to that judgment, so to speak, as Dillard attempted to do in *Dillard I*. An injured worker still must put on proof that the individual was indeed serving in one of the enumerated roles at the time of the injury and the officer must have an opportunity to litigate that issue. *Matthews*, 796 S.W.2d at 694; *see also* *Zenith Radio Corp.*, 395 U.S. at 111-12 (noting a parent corporation can be bound by prior litigation involving a subsidiary only where the parent has an opportunity to litigate the issue of alter ego and control over the prior suit).

¶14.   In the current suit, Dillard offered undisputed evidence that Jarrett was the president of Dixie at the time of the injury. Dixie also has failed to compensate Dillard. Accordingly, Dillard, under Mississippi Code Section 71-3-83(1), is entitled to enforce the judgment against Jarrett personally. Furthermore, because of Jarrett's involvement and control over the prior litigation as the president and majority shareholder, coupled with the evidence that Jarrett was the alter ego of Dixie, the prior judgment was tantamount to a judgment against Jarrett personally. *See* *Dudley,* 504 F.2d at 983; *Alman*, 801 F.2d at 4; *Matthews Constr.*

9

*Co.*, 796 S.W.2d at 694; *Oceanics Sch., Inc.*, 112 S.W.3d at 137; *Thames*, 373 So. 2d at 1035; *Beco, Inc.*, 370 So. 2d at 1346. And permitting Dillard to enforce the judgment against Jarrett satisfies the legislative intent to deny officers the protection of the corporate veil where the corporation fails to secure compensation for an injured worker. *See* Miss. Code Ann. § 71-3-83(1); *see also Alman*, 801 F.2d at 4 (applying the same to issues arising under ERISA).

¶15.     Consequently, claim preclusion does not prevent Dillard from seeking to enforce the judgment against Jarrett. All of Dillard's claims against Dixie, *i.e.*, Jarrett, merged into a cause of action to enforce the judgment. *See C. I. T. Corp.*, 157 So. 2d at 660; *Restatement (Second) of Judgments* § 18 (Am. Law Inst.1982). The subsequent action was a suit to enforce the earlier judgment and is not barred by *res judicata*. *Id.* Nor is it a violation of Jarrett's due process rights. His interests were aligned with Dixie; as the president and majority shareholder of Dixie, he controlled the prior litigation; and Dixie had an opportunity to fully litigate the matter. *See Taylor,* 553 U.S. at 893-95.

> **II.     Whether the statute of limitations had run on Dillard's claim against Jarrett.**

¶16.     The statute of limitations to enforce a judgment in Mississippi is seven years. Miss. Code Ann. § 15-1-43 (Rev. 2012). This statute of limitations begins to run in a workers' compensation action when an administrative judge enters a final award.  *See Bullock v. AIU Ins. Co.*, 995 So. 2d 717, 722 (Miss. 2008). An award is final when the AJ decides "to grant or deny a specific amount of compensation."  *Id.*

¶17. Here, the AJ entered a final award on February 11, 2008. The instant action was filed on June 18, 2009. This was within the statute of limitations. Accordingly, we reverse the judgment of the Court of Appeals and reinstate and affirm the trial court's judgment in favor of Dillard.

**CONCLUSION**

¶18. For the forgoing reasons, we reverse the Court of Appeals' judgment and reinstate and affirm the judgment of the Circuit Court of Pontotoc County in favor of Dillard.

¶19. **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE CIRCUIT COURT OF PONTOTOC COUNTY IS REINSTATED AND AFFIRMED.**

**RANDOLPH, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR. DICKINSON, P.J., AND COLEMAN, J., CONCUR IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.**