# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-IA-00954-SCT

*RICHARD WILBOURN*

*v.*

*VICTORIA WILBOURN*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/21/2019 |
| TRIAL JUDGE: | HON. DEWEY KEY ARTHUR |
| TRIAL COURT ATTORNEYS: | CYNTHIA H. SPEETJENS |
| | CORY T. WILSON |
| | MICHAEL R. KELLY |
| | ROBERT S. ADDISON |
| | W. TERRELL STUBBS |
| | DALE DANKS, JR. |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | C. MAISON HEIDELBERG |
| | CYNTHIA H. SPEETJENS |
| ATTORNEYS FOR APPELLEE: | ROBERT S. ADDISON |
| | MATTHEW THOMPSON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AND REMANDED - 02/04/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE RANDOLPH, C.J., COLEMAN AND CHAMBERLIN, JJ.

## COLEMAN, JUSTICE, FOR THE COURT:

¶1. The present interlocutory appeal stems from a trial judge granting partial summary

judgment, dismissing a claim of malicious prosecution. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2.     The pertinent facts and procedural history are not disputed. Richard and Victoria have been and remain in a longstanding domestic matter. Victoria accused Richard of misconduct towards their children, but the chancellor determined that the accusations were unfounded. Victoria went to the Ridgeland Police Department for help and filed an eight-page report against Richard, restating his alleged misconduct. The Ridgeland Police Department followed protocol, investigated, and referred the case to the district attorney's office.

¶3.     Initially, the assistant district attorney, Ashley Allen, decided against pursuing charges. But after she wrote a letter to the Ridgeland Police Department stating her intent, Allen was contacted by Victoria. Victoria asked Allen if she would be willing to interview the children, and Allen complied. Afterwards, Allen revised her decision and decided to present the case against Richard to a grand jury, charging him with gratification of lust.

¶4.     The grand jury returned a no bill. Notably, Richard was never charged, indicted, or arrested in connection with the investigation, and Victoria did not swear an affidavit against him. In the summer of 2016, Richard discovered the investigation and grand jury presentment and responded by filing suit. Richard claimed malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional distress.

¶5.     In response, Victoria filed a motion for summary judgment. And after a hearing, the trial judge granted partial summary judgment, dismissing Richard's claim of malicious prosecution but retaining the others. Definitively, the trial judge found that "no criminal proceedings were instituted and therefore [Richard] cannot satisfy the first element of his claim."

¶6.     Moreover, the trial judge found that "even had criminal proceedings been instituted against [Richard], [Richard] has not shown that [Victoria] was the initiator." We granted Richard's petition for interlocutory appeal to the malicious-prosecution claim. On interlocutory appeal, Richard raises the following three issues:

(1)     Whether the trial judge erred by concluding that no criminal proceedings were instituted against Richard;

(2)     Whether the trial judge erred by concluding that Victoria did not instigate the proceedings against Richard; and

(3)     Whether the trial judge erred by ruling on [element two of] the premature motion for summary judgment before critical fact depositions could be taken and documentary evidence from the domestic litigation could be unsealed and presented.

¶7.     For the Court to address issues two and three, issue one must be true. The critical issue, which the Court finds dispositive, is whether a criminal proceeding was initiated against Richard.

## STANDARD OF REVIEW

¶8.     "The standard of review for summary judgment is *de novo*." **Jarrett v. Dillard**, 167 So. 3d 1147, 1151 (¶ 4) (Miss. 2015) (citing **Quinn v. Estate of Jones**, 818 So. 2d 1148, 1150 (¶ 9) (Miss. 2002)). "A motion for summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." **Id.** (internal quotation marks omitted) (quoting **Quinn**, 818 So. 2d at 1150 (¶ 9)).

## DISCUSSION

¶9.     In his malicious-prosecution claim, Richard was required to prove six elements:

(1)  the institution or continuation of original judicial proceedings, either criminal or civil;

(2)  by, or at the insistence of the defendant;

(3)  the termination of such proceeding in plaintiff's favor;

(4)  malice in instituting the proceedings;

(5)  want of probable cause for the proceedings; and

(6)  the suffering of damages as a result of the action or prosecution complained of.

*Bearden v. BellSouth Telecomms., Inc.*, 29 So. 3d 761, 764 (¶ 8) (Miss. 2010) (quoting *Van v. Grand Casinos of Miss., Inc.*, 724 So. 2d 889, 891 (¶ 8) (Miss. 1998)).

¶10.    On appeal, Richard claims the trial judge erred by finding that no criminal proceedings were instituted against him. And to bolster his claim, Richard asserts that "Mississippi courts have never ruled that a warrant, an indictment, or affidavit is a prerequisite to meet element one's 'proceeding' requirement." Richard further argues that the trial judge's "heightened standard" for criminal proceeding restricts the proper analytical framework provided by caselaw.

¶11.    Richard refers to the trial judge's use of "prosecution" from Mississippi Code Section 99-1-7 (Rev. 2020) to define a criminal proceeding. Section 99-1-7 states that "[a] prosecution may be commenced . . . by the issuance of a warrant, or by binding over or recognizing the offender to compel his appearance to answer the offense, as well as by indictment or affidavit." Miss. Code Ann. § 99-1-7 (Rev. 2020).

¶12. Richard argues that the use of the above-defined term in a malicious-prosecution claim is restrictive, narrow, and against precedent. But while there may be different resources available to define a criminal proceeding, the trial judge did not err or "improperly restrict" the proper analytical framework. Richard asserts that *Royal Oil Co. v. Wells*, 500 So. 2d 439, 443 (Miss. 1986), supports the claim that an affidavit is not mandatory and that "the case facts here are no different than in *Royal Oil* where the proceeding was initiated by signing an affidavit."

¶13. But in *Royal Oil*, the focal point was probable cause and whether the actor that initiated the criminal proceedings was an agent of the corporation. *Id.* at 445-48. There, the defendant "initiated a criminal charge of embezzlement against [the plaintiff] by executing and filing an affidavit charging [the plaintiff] with the embezzlement . . . ." *Id.* at 441. Notably, a judge issued a warrant for the plaintiff's arrest, which "was done before [the plaintiff] was given an opportunity to explain her side of the story." *Id.*

¶14. While the trial judge used a statutory definition to define the initiation of a criminal proceeding, such finding was supported by caselaw: "In practical effect, criminal proceedings are instituted when a person is formally arrested and charged with an offense." *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1219 (Miss. 1990). And the Mississippi Rules of Criminal Procedure agree.[1]

¶15. The policy considerations behind a malicious-prosecution claim are informative:

---

[1] "All criminal proceedings shall be commenced either by charging affidavit, indictment, or bill of information." MRCrP 2.1(a).

There are two competing interests in all malicious prosecution cases. The public policy interest in crime prevention insists that private citizens, when aiding law enforcement personnel, ought to be protected against the prejudice that is likely to arise from the termination of the prosecution in favor of the accused. . . .

*Equally important* is the second interest which protects individuals from being wrongly accused of criminal behavior *which results in unjustifiable and oppressive litigation of criminal charges*. Consequently, in our orderly society we allow *those subjected to criminal proceedings cloaked with malice* to recover compensation for their losses.

***Benjamin v. Hooper Elec. Supply Co., Inc.***, 568 So. 2d 1182, 1187-88 (Miss. 1990) (emphasis added) (citations omitted).

¶16.     The record is devoid of Richard's suffering "oppressive litigation of criminal charges" or being "subjected to criminal proceedings cloaked with malice . . . ." ***Id.*** (citing ***Owens v. Kroger***, 430 So. 2d 843, 846 (Miss. 1983)). Moreover, Richard confuses the report that Victoria submitted to the Ridgeland Police Department—a voluntary statement—with a charging affidavit.  And finally, Allen's submitting the case to the grand jury was not a commencement of criminal proceedings.  "Unsuccessful efforts to secure the institution of proceedings, however malicious or unfounded, are not actionable as malicious prosecution." ***Winters v. Griffis***, 101 So. 2d 346, 349 (Miss. 1958) (quoting 54 C.J.S. *Malicious Prosecution* § 14).    None of the evidence submitted by Richard amounts to the commencement of a criminal proceeding.

¶17.     The undisputed fact remains: Richard was not arrested, indicted, or otherwise subjected to oppressive litigation of criminal charges for the report that Victoria gave to the

Ridgeland Police Department. On that basis, Richard's first issue is without merit, and as such, we decline to address Richard's remaining two issues.

## CONCLUSION

¶18. For the foregoing reasons, we affirm the trial judge's dismissal of Richard's malicious-prosecution claim and remand the case for further proceedings.

¶19. **AFFIRMED AND REMANDED.**

**RANDOLPH, C.J., KING, P.J., MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. KITCHENS, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J. GRIFFIS, J., NOT PARTICIPATING.**

**KITCHENS, PRESIDING JUSTICE, SPECIALLY CONCURRING:**

¶20. I write separately to clarify two matters implicated by the majority's well-reasoned analysis of how a criminal proceeding is commenced for purposes of a malicious prosecution claim. The first matter is that Rule 2.1(a) of the Mississippi Rules of Criminal Procedure prevails over the corresponding statute, Mississippi Code Section 99-1-7 (Rev. 2020), in defining how a criminal proceeding begins in Mississippi courts. MRCrP 2.1(a) ("[a]ll criminal proceedings shall be commenced either by charging affidavit, indictment, or bill of information"). It is well established that, because the Mississippi Constitution vests this Court with the inherent power to promulgate rules of judicial procedure, the Bench and Bar of this State should consult the applicable rules of court to answer questions of procedure such as the one at issue. *Ashwell v. State*, 226 So. 3d 69, 71 (Miss. 2017) (quoting *Newell v. State*, 308 So. 3d 71, 76-77 (Miss. 1975)).

7

¶21.     The second matter concerns the proof in a malicious prosecution case required to establish that criminal proceedings were instituted against the plaintiff. *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1219 (Miss. 1990), held that a defendant's having had the plaintiff arrested satisfies that element. I clarify that a warrantless arrest is sufficient. *Owens v. Kroger Co.*, 430 So. 2d 843, 844-45 (Miss. 1983) (criminal proceedings were initiated when a store security guard, who was an off-duty police officer, placed the plaintiff under arrest for shoplifting and held him until the police arrived). With that said, I concur.

**KING, P.J., JOINS THIS OPINION.**